JUDGE PETEES
delivered the opinion oe the court.
This action was brought in the name of the commonwealth as relator for the use of Silas Hammond, school commissioner of Powell County, and for the use of the trustees of the several school districts of said county, against Crawford, former school commissioner for said county, and Hall and Kidd as his sureties, for a breach of his bond by Crawford in failing to pay over $2,177.64, which he drew from the treasury of the state as the common-school fund due said county of Powell for one school-year.
A demurrer was filed to the petition containing three grounds:
1. That the allegations of the petition were insufficient to charge the defendants.
2. That the plaintiff had no capacity to sue.
3. Defect of parties, plaintiffs and defendants.
The demurrer was sustained; and the plaintiffs failing to amend, their petition was dismissed, and they have appealed.
The three grounds specified are embraced in section 120, Civil Code, in which the grounds for demurrer are enumerated; and if they or either of them appear on the face of the petition, the determination of the court below must be sustained by this court.
The first ground of demurrer raises the question whether the facts stated in the petition are sufficient to constitute a cause of action against appellees, Hall and Kidd, the sureties of the commissioner.
*77 The seventh section of the act, approved March 13, 1871 (1 Sess. Acts 1871, p. 59), among other duties, requires the commissioner to report under prescribed formalities to the superintendent of public instruction certain enumerated facts, and if the superintendent approves the report, he is required by the law to certify to the auditor the amount due for schools taught in the county of the commissioner making the report, and the auditor then is to draw his warrant on the treasurer for the amount certified to him by the superintendent to be due, payable to the commissioner, which he is to collect and pay over to the trustees of the districts in proportion to the amounts they are entitled to, for the use and benefit of the teachers thereof.
The certificate of the superintendent is required as a precautionary measure to protect the treasury from imposition. But the sureties of a commissioner are not responsible for money drawn from the treasury by him, unless it is drawn according to law; and in an action against them as sureties the petition should contain a statement of every fact necessary to show that the auditor had authority to draw his warrant on the treasurer for the amount drawn by the commissioner. The petition under consideration does not contain such a statement of facts, and is on that account insufficient.
The section supra requires the commissioner to collect the money as soon as possible, and to pay the same over to the trustees of the districts in proportion to the amounts they are respectively entitled to, for the use and benefit of the teachers thereof.
This paragraph confers on the trustees of each district a separate cause of action against a defaulting commissioner and his surety, for the benefit of the teachers of the district, and consequently an action in the name of the trustees of all the districts of a county is a palpable misjoinder of parties plaintiffs; nor is there any reason for uniting the subsequently- *78 appointed commissioner as plaintiff; lie has no legal or equitable right to sue. The statute specifically directs the money to be paid to the trustees, etc.
The demurrer was therefore properly sustained, and the judgment must be affirmed.