CHIEF JUSTICE PETERS
delivered the opinion of the court.
Whether or not the facts set forth in the petition are sufficient to constitute a cause of action against appellants as sureties of Harrison in his official bond as sheriff of -Daviess County is the first question presented by this record.
After stating the condition of the covenant it is alleged in the petition that “on” or before the 30th day of April, 1858, the plaintiff, Graham Hughes, was clerk of the Daviess County Court, and as such fees had accrued to him from various persons for services rendered as clerk; and that he (the said Hughes) made out as clerk .fee-bills against said parties, and on the day aforesaid, and while said Harrison was acting as sheriff of said county, under the bond executed by him and his co-defendants as aforesaid, and while said fee-bills were in full force and distrainable by law, listed the same for collection with said Harrison as sheriff aforesaid, and took his “receipt” therefor, which he files herewith and makes part hereof.
The said fee-bills amounted to the sum of $437.20; and the parties against whom they were issued and the amounts thereof respectively appear in the said receipt, which is referred to, and its statements here fully adopted, which is substantially repeated in reference to two other receipts given by said Harrison, sheriff as aforesaid, and the breaches are then assigned in the following language: “And the plaintiff states that the said defendants have not kept and performed *283 the covenants in the bond executed by them as aforesaid, but have broken the same in this, that although the said Harrison collected the amount of said fee-bills of the parties respectively owing them, whom they aver to have been solvent, yet he has failed to account for and pay over to the said Hughes the amount so collected, and has failed likewise to return the said■■ fee-bills. Payment has been repeatedly demanded of said Harrison.”
The plaintiff then avers that in January, 1855, he listed fee-bills with said Harrison, sheriff as aforesaid, amounting to-$81.40, and in January, 1856, he listed fee-bills with him amounting to two hundred and thirty-five dollars, and took his receipts for the same, which he files; and on the various fee-bills listed as aforesaid said Harrison and his deputies have made payments from time to time, for which they hold his receipts. Of the said Harrison he has received altogether,as he now remembers it, $550.40; and of H. W. Warfield, a deputy, he has received altogether, as he now remembers it, two hundred and sixty dollars.
No appropriation was made by said Harrison or Warfield at the time said payments were made, and plaintiff applied-them to the two last-mentioned receipts, which paid them off;- and there remained to be applied to the receipts sued on the sum of $493.50, and that the balance of said fee-bills remain due and unpaid. Wherefore plaintiff prays judgment-for the said fee-bills, together with damages, and for all other' just and proper relief.
Sec. 19, art. 1, chap. 91, Revised Statutes, 2 Stanton, 343, provides that distress may be made for all officers’ fees after the 1st day of May next succeeding the rendering of the ser-vices, and the right of distress shall continue for three years from and after it commences, and no longer. Section 17 of the above article and chapter makes it the duty of each sheriff and his deputies to receive and collect fines and forfeitures and *284 all officers’ fees listed with him or any .of his deputies, and due and payable in his county, during his term of office, and account for and pay over the same to the persons entitled thereto at the time and in the manner required by law.
By an act approved the 10th of March, 1856 (1 Revised Statutes, 535), it is provided that collectors in whose hands fees of clerks or other officers are placed for collection shall be bound to account for the same in six months after they have the right to distrain for them, provided they have been that length of time in their hands. . The second section of this act provides that no officer shall be compelled to go out of his county to return fee-bills or claims, or to pay over money collected, or be liable to suit or motion therefor until demand is made in his county by the claimant of his agent.
The sureties of sheriffs are unquestionably responsible for money collected by their principals or deputies on writs of execution or other process upon which they are by law authorized to coerce payment; and in an action against the sureties of the sheriff to pay money collected by him to the person entitled thereto, in order to maintain the action, it is necessary to state such facts as show, that the sureties are responsible, according to law. If the action is brought against the sureties of .a sheriff to make them pay the amount collected by their principal on the fee-bills of a clerk listed with him, it is necessary to aver that the fee-bills .were in the hands of the sheriff after the 1st day of May next succeeding the rendering of. the services, and within three years after they were distrainable, that they had been in the sheriff ’s hands over six months,, or that he had. collected them; and it is not sufficient to allege merely that the fee-bills were distrainable, which is but a legal conclusion.
The sheriff would be individually liable on his covenant to collect and account for the fee-bills which he acknowledged he had received; but his sureties are not; they can only be made *285 liable for money collected on writs and process wbicb the law makes it his duty to take and collect.
By sec. 3, art. 18, chap. 36, Revised Statutes, 1 Stanton, p. 493, the party entitled to money collected by a sheriff on any writ of execution or other process, and who fails to pay it over immediately, may have an action against the sheriff and his sureties, etc., for the amount collected, and fifteen per centum per annum interest thereon from the time of the demand until'paid, and the costs of recovery, etc. In the cases provided for by this section a demand is not necessary to maintain an action, but to fix the time from which the party entitled to the money shall also be entitled to fifteen per cent per annum as interest for the failure of the officer to. pay it over. And section 2 of the act of 1856 (supra) only requires that a demand shall be made before suit is brought against the sheriff and his sureties for fee-bills collected by the sheriff where the claimant does not live in the same county with the sheriff.
We do not deem that a demand of the money was necessary in this case to be made in order to maintain the action, as appellee and the sheriff resided in the same county, and as interest after the rate of fifteen per centum per annum was not claimed. But as appellee failed to state the facts' in his petition necessary to constitute a cause of action against appellants, who were the sureties of the sheriff as herein indicated, the judgment must be reversed, and the cause is remanded for a new trial and for further proceedings consistent herewith.'
As to the statute of limitations, the court is of opinion that it is not sufficiently pleaded.
On the return of the cause both parties should be allowed to amend their pleadings, if application therefor is made in proper time.
Judge Coeer not sitting.