CASE 65—ORDINARY—FEBRUARY 8.

# Greenwell, &c., v. The Commonwealth, for use, &c.

APPEAL FROM NELSON CIRCUIT COURT.

1. There is nothing to show that the county court imposed any railroad tax for the year 1878 upon the property-holders in districts Nos. 1, 5, and 9, in Nelson county.

2. Without the authority of the Nelson county court, the sheriff had no right nor power to collect any railroad taxes in either of said districts. He was a mere trespasser, and his sureties cannot be held bound for any taxes collected without the order of the court.

WM. JOHNSON AND C. T. ATKINSON FOR APPELLANTS.

- The answer of appellants denies that the Nelson county court imposed any taxation upon either of the districts known as Nos. 1, 5, and 9, in Nelson county, for the year 1878.

2. If the court imposed no taxation, the sheriff had no right to collect, and his sureties are not bound for his action. (Acts 1855-'6, vol. 2; Litt. Sel. Cases, 224; Hawkins v. Commonwealth, 1 Mon., 140; 5 Dana, 566; 12 B. Mon., 243; 6 J. J. Mar., 636.)

MUIR & WICKLIFFE FOR APPELLEE.

1. The express covenant of the sheriff and his sureties is, that he will account for and pay over to the proper persons the public dues of Nelson county.

2. The property was assessed, the books returned, and the tax lists made out.

3. Can the sureties of the sheriff be exonerated from liability for money actually collected by him as sheriff, because of a mere clerical misprision? (Taylor v. Nunn, 2 Met., 199; Acts 1855-'6 12; 1857-'8, 2d vol., 164; 1859-'60, 2d vol., 344; 1861-'2-'3, 64; 1863-'4, 1st vol., 456; 1869, 1st vol., 388; 1871, 1st vol., 6.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The charter of the Bardstown and Louisville Railroad Company was so amended as to authorize three of the justices' districts in Nelson county, known as districts Nos. 1, 5, and 9, to take stock in the road, and issue bonds for the payment, &c.

The county court was empowered to provide for the pay-
ment of the interest on these bonds by the imposition of an
*ad valorem* tax upon the real and personal estate within the
districts, and by a further amendment was authorized to
impose a tax on the property within the districts to pay the
whole or any part of the principal of these bonds.    An
annual tax of fifty cents on the $100 was imposed for several
years, but for the year 1878 no tax was imposed by the
county court.    It was made the duty of the sheriff, by virtue
of his office, to collect this tax, and the sheriff, although no
levy had been made or tax imposed, proceeded to collect
for the year 1878 a large amount of taxes to pay off these
bonds, and failing to account for the money, his sureties on
his bond for the collection of the county levy and public
dues have in the present action been made responsible.

It is alleged in the petition that the county court levied
an *ad valorem* tax for the year 1878, and this allegation is
expressly denied by the answer.    The burden was then
upon the appellee to show that the sheriff, by virtue of his
office or otherwise, had the authority to collect this tax.    It
is said that the property within these districts was regularly
assessed, and the tax lists at fifty cents on each one hundred
dollars' worth of property made out and placed in the hands
of the sheriff, who collected it.

The failure of the county court to make the levy or im-
pose the tax cannot be regarded as merely formal, or a mere
clerical omission that may be corrected at any time without
regard to the rights of these sureties.    Under such a ruling
the sheriff would not only have a right to collect the tax,
but must necessarily determine the amount each tax-payer
must contribute.    The county court, in its discretion, had

the power to lessen the tax from fifty cents, or might have declined to impose any burden for the year 1878, so far as the sheriff was interested, and the latter could make no complaint. It is true that appellants voluntarily executed the bond as the sureties of the sheriff, and by so doing made themselves liable for any of his official defalcations; but here they are proceeded against, not on account of the failure of the sheriff to do what the law required of him, but for failing to do what the law did not exact or require of him or his sureties. Suppose the sheriff had failed to collect any of the tax, or to receive the list of persons and property assessed for the payment of these bonds, could the county or those interested have made him liable? We think not, for the reason that no tax had been imposed, and any attempt on the part of the sheriff to enforce payment would have made him a trespasser. His subsequent acts may estop him from making any defense, but it is clear that his sureties are not liable for a failure on the part of the sheriff to do that which was not required of him. Before these sureties can be made liable for this tax, it must appear that the sheriff has failed to discharge some duty imposed on him by law with reference to its collection. As the case is now presented, the sheriff was liable as a trespasser in every instance where he attempted to collect this tax against the will or consent of the tax-payer.

The judgment is reversed, and cause remanded for further proceedings.