WOODFORD & HATHAWAY v. W. H. PERKINS ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—691.]

### Liability of a Sheriff's Sureties.

The sureties on a sheriff's bond are liable for moneys collected by that officer on writs of execution or other process, or by reason of some judgment of a court; but where parties to a cause leave the courts, either as a matter of convenience or otherwise, and direct the action of the sheriff under a private agreement, the sheriff's sureties are not liable if he collects money under such an agreement and fails to account for it.

APPEAL FROM DAVIESS CIRCUIT COURT.

March 23, 1882.

Opinion by Judge Pryor:

The appellants in this case, who were the attaching creditors, entered into an agreement with the debtor, whose goods had been levied upon by the sheriff, that he (the sheriff) should proceed to sell the goods without an order of court, upon a credit of three months, and should hold the money or the proceeds of sale subject to the order of the court. The sheriff proceeded to sell under this agreement, collected a part of the money, and in some instances failed to take any security from the purchasers.

For his failure to pay the money collected and to take notes with surety from some of the purchasers of the goods, these appellants instituted an action against the sheriff and his sureties, alleging this default on his part as a breach of his bond. The sureties defended, upon the ground that the sheriff, under the agreement entered into between the creditors and their debtor, became the agent of the parties and was not liable by reason of his official character. The appellants insist that as the sheriff sold the goods under the process of the court, the selling being a mere incident to the collection of the claim, the sheriff and his sureties must either account for the value of the goods or the proceeds of sale; that the sale could have been ordered at any moment on the application of either party, and as the sheriff had nothing to do with the manner of sale or in obtaining an order for the sale, he nor his sureties can complain.

If the act of the parties is to be treated as equivalent to an order of court, and the sheriff, acting in the line of his duty only, did that which he was required to do, by virtue of his office, the judgment below should be reversed. All the sheriff could do under the attachment was to take the goods into his custody and then to sell them under an order of the court, when that order was made. The sureties agreed that he would faithfully discharge the duties of his office, and it was his duty to sell when ordered by the court and not before; but they never became bound, either by the letter or meaning of their covenant, to make good the default of their principal by reason of an agreement entered into between him and others that he should discharge a certain duty, although he might have been required to do or perform the same act by an order of court made for that purpose. The court could have directed a sale of the goods, on

a credit of three months, but the sheriff would have had no power to collect the money unless ordered by the court. Surety would have been required of the purchaser if sold under an order of the court, and the sureties in the sheriff's bond are fully protected. Under the agreement in this case the sheriff was empowered by the parties to sell on a credit of three months. Nothing was said in regard to securing the debts or obligations from the purchasers, nor was there any stipulation in regard to the collection of the money. The sheriff reports that as receiver he had collected about $1,100 of the proceeds of sale; and held it subject to the order of the court. He was certainly not the receiver of the court, but made so, if at all, by the agreement entered into between the parties. This sale was made in October, 1878, and the report not filed until January 16, 1880, and then the sureties called on to make good the default of the sheriff by reason of this private agreement, for no other reason than that an order of sale might have been obtained, establishing the rule that for any action of the sheriff done without an order or direction of a court his sureties will be liable, if the duty could have been required of him by an application to the court for that purpose.

No such precedent should be established, and particularly with reference to sureties on official bonds. These sureties are liable for moneys collected by the sheriff on writs of execution, or other process, or by reason of some judgment of a court, but where parties leave the courts of the state, either as a matter of convenience or otherwise, and direct the action on the part of the official under a private agreement, they must look to the agreement, under which the official acts, for indemnity, and not against his sureties. So far as the sureties are concerned the agreement becomes his bond. When the sheriff has failed to do that which the law compelled him to do, or has violated his official duty, he is liable to the party injured.

In the case of *Sanders v. Parrott,* 1 Duv. (Ky.) 292, the sheriff sold the attached property, and reported the sale and the proceeds of sale that had been collected by him. The court approved the report, and directed him to loan the money out on good security and report. He failed to discharge this duty and was sued on his bond. The court held the sureties not liable, as their principal had accounted for the money by paying it into

court, and when ordered to loan it out he was the agent of the court, and not acting in his official capacity as sheriff. In the case of *Greenwell v. Commonwealth,* 78 Ky. 320, the county court neglected to impose a levy for the payment of a railroad tax for the year 1878, having done so for previous years. The sheriff, under the impression that the levy had been made, proceeded to collect it. It was held, in an action against the sureties, that they were not liable.

In this case the parties interested undertook to control the property and to direct the sheriff as to the manner in which he should discharge his duties and thereby released the sureties.

Judgment *affirmed.*

*Sweeney & Son, for appellants.*

*R. W. Slack, for appellees.*