U. S. Fid. & Guar. Co. v. Board of Ed. of Somerset Pub. Grad. School

CASE 43—ACTION BY BOARD OF EDUCATION OF SOMERSET PUBLIC GRADED
SCHOOL AGAINST THE U. S. FIDELITY & GUARANTY CO. ON BOND OF
TAX COLLECTOR.—MAY 27.

# U. S. Fidelity & Guaranty Co. v. Board of Education of Somerset Pub. Grad. School.

|118|355|
|121|413|
|---|---|
|118|355|
|f128|461|
|129|321|
|118|355|
|133|219|

APPEAL FROM PULASKI CIRCUIT COURT—GEORGE E. STONE, SPECIAL
JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

TAXES—LEVY—VALIDITY—TAX COLLECTORS—LIABILITY OF SURETIES—
FOURTH CLASS CITIES—CHARTERS—REPEAL OF LOCAL LAWS.

1. Under Const., sec. 180, providing that every ordinance passed
by any county, city or local legislative body, levying a tax, shall
specify distinctly the purpose for which the tax is levied, an order
of a district board of education reading, "On motion, the levy for
1899 was fixed at $1.00 on every $100.00 worth of property, and
$2.00 for each poll," is void, in not stating the purpose for which
the levy was made.

2. Where an order of a district board of education fixing the tax levy
for a certain year was void, the collector had no authority to
collect the taxes, nor had the board the right to accept a collec-
tor's bond for that year, and no recovery could be had thereon
for failure of the collector to account to the board for the taxes
for that year.

3. Under Acts 1887-88, vol. 3, p. 509, c. 1273, sec. 14, creating a district
board of education and providing that the tax collector should be
under the same responsibility as sheriffs in the collection of the
State revenue, and that his surety shall be liable on his bond
for all money so collected, the surety's liability on the bond is
only such as is imposed by law; but it being the duty of the
sheriff not only to pay over the money which he collects, but to
collect all valid tax receipts placed in his hands for collection,
the collector's surety is liable not only for the taxes collected,
but for those which should have been collected.

4. Acts 1887-88, vol. 3, p. 509, c. 1273, specially creating the board
of education of the Somerset public graded schools (Somerset
being a city of the fourth class), was not repealed by the charters
of the cities of the fourth class, which make it optional with such
cities to maintain a system of public schools.

U. S. Fid. & Guar. Co. v. Board of Ed. of Somerset Pub. Grad. School.

BODLEY, BASKIN & FLEXNER, ATTORNEYS FOR APPELLANT.

## CLASSIFICATION OF QUESTIONS DISCUSSED AND AUTHORITIES.

1. A collector has no legal right to collect taxes unlawfully levied, and his sureties are not liable either for invalid levies actually collected, or for invalid levies not collected. Greenwell v. Com, 78 Ky., 322; Dawson v. Lee, 83 Ky., 55; Com. v. Stone, 24 R., 1297; Whaley v. Com., 23 R., 1292.

2. No assessment was made; therefore there were no valid taxes to collect. Turner v. Pewee, 100 Ky., 288; Town v. Peoples Bank, 23 R., 519; Davidson v. Sterrett, 13 R., 265.

3. Appellee's board of trustees never gave notice, by publication that they would sit to equalize levies, as section 14 of its charter requires. In fact, they held no sittings. There were consequently no valid taxes to collect. Slaughter v. Louisville, 89 Ky., 113; Town v. Peoples Bank, 23 R., 519; Davidson v. Sterrett, 13 R., 265.

4. The demurrers to the petitions should have been sustained, as the petitions do not aver compliance with the steps indispensible to constitute valid levies. City of Louisville v. Gas Co., 15 R., 177; Dumesnil v. City, 4 R., 15; Com. v. City of Lebanon, 21 R., 969.

5. The ordinance fixing the tax levy for 1899 is void because it failed to state the purposes for which it was attempted to be made. Constitution, sec. 180; City of Somerset v. Somerset Banking Co., 22 R., 1132.

(a) Defects in the levy ordinance could not, and were not, attempted to be cured by parol evidence. Davidson v. Sterrett, 13 R., 265.

6. Appellee's charter, section 14, makes the collector's surety liable only for taxes actually collected. No proof of collections was offered and the judgment so finds.

7. The agreement in the bond, that the collector will collect, is not authorized by the statute, section 14, and is surplusage, and not binding on the surety. Walker v. Chapman, 22 Ala., 116; Wood v. State, 10 Mo., 698; U. S. v. Mynderse, 11 Blatch., 1, or Fed. Cases, 15851; Eng. & Am. Ency. of Law, vol. 2, p. 4660, 1st Edition.

(a) If the bond is partly statutory and partly common law, the agreement to collect is merely a common law obligation; for a breach of which appellee must sue for damages, averring and proving facts showing, first, that the alleged taxes are valid; second, that the taxpayers were solvent; third, that by diligence the collector could have collected each amount. This is not an

Vol. 118]          APRIL TERM, 1904.          357

U. S. Fid. & Guar. Co. v. Board of Ed. of Somerset Pub. Grad. School.

action for such damages and no other kind can be maintained for breach of the common law obligation.

8. Where a general act treats of any subject under a separate title, the general act repeals the special act and constitutes all the law on the subject. Parrish v. Ferguson, 83 Ky., 18; Broadus v. Broadus, 10 B., 229; Patterson v. Com., 86 Ky., 318; Com. v. Watts, 84 Ky., 543; Kirk v. Roberson, Sheriff, 25 R., 635.

(a) Act of 1893, for government of cities of fourth class, provides for a complete school system. Appellee's charter, created by a prior special act, provides a different and wholly inconsistent system for the schools for the same territory. The general act repeals the special act, certainly, where the two are inconsistent. Therefore, appellee had no authority to levy excessive or any taxes, and the collector had no right to collect them. Such taxes could only be levied and collected at the rates and under said general act of 1893. Sinking Fund v. Grainger, 98 Ky., 319; Trustees v. City of Vanceburg, 20 R., 369; Mayor Eminence v. Wilson, 20 R., 29; City Hawesville v. Board Education, 18 R., 208; Clay v. Roberts, 19 R., 1047; Hickman College v. Trustees, 23 R., 1272; Board of Education of Elizabethtown v. Morris, 24 R., 1422; Board of Education of Somerset v. Trustees, 18 R., 103; Commissioners Sinking Fund v. Grainger, 98 Ky., 319.

9. The power to tax being granted by the common school law, chapter 10, on graded school operates to revoke a similar grant in appellee's charter. The two inconsistent provisions can not exist at the same time. Trustee v. Vanceburg, 20 R., 369; Mayor Eminence v. Wilson, 20 R., 29; Clay v. Roberts, 19 R., 1047; Hickman College v. Trustees, 23 R., 1272; Board of Education, Elizabethtown v. Morris, 23 R., 1422; Board of Education Somerset v. Trustees, 18 R., 103; Com'rs Sinking Fund v. Grainger, 98 Ky., 319; McTigue v. Com., 17 R., 1418; City of Hawesville v. Board of Education, 18 R., 208.

10. Appellee's charter is repealed, to the extent of power given to levy taxes, as the Constitution, section 171, forbids the collection of taxes except under general laws; and the schedule of the Constitution repeals all previous statutes inconsistent with the Constitution. This applies to "all taxes," including school taxes. Board of Education, Elizabethtown v. Morris, 24 R., 1422; Hickman College v. Trustees, 23 R., 1272; Richardson v. Boske, Sheriff, 23 R., 1209; Campbell County v. Bridge Co., 23 R., 2057; Board v. City of Hopkinsville, 95 Ky., 242; McTigue v. Com., 17 R., 1420.

11. Levies of taxes at a rate greater than authorized by law are void for the excess. Whaley v. Com., 23 R., 1292; Com. v. Stone, 24 R., 1297.

U. S. Fid. & Guar. Co. v. Board of Ed. of Somerset Pub. Grad. School.

O. H. WADDELL and VIRGIL P. SMITH attorneys for appellee.

1. Appellee is a common school district created under special act of the Legislature of Ky. Acts, 1877-88, vol. 3, p. 509, and Acts 1889-90, vol. 1, p. 446, to be controlled by six persons, to be called the Board of Education, with power to levy and collect taxes not exceeding $1.00 on the $100.00 of taxable property, and we contend that said charter is still in force.

2. Sections 3588 and 3606, Ky. Statutes provide that establishment of public graded schools in cities of the fourth class must be done by ordinance, but they provide also that until it is done the schools there existing shall continue as established. Sec. 3491 expressly provides for this.

3. Sections 4433, 4488 and 4489, expressly exempt from the operation of the general school law, such district schools, or created public schools, organized under legislative acts previously granted.

4. There is no limit, in the Constitution, to the rate of taxation for school purposes.

5. The principal in the bond, having been duly appointed collector, and accepted the office, and executed the bond, sued on, the fact that he failed to collect the taxes does not release him or his surety from liability, when he could have done so. Board of Ed., Elizabethtown v. Morris, 24 Ky. Law Rep., 1420; Constitution of Ky., secs. 157, 171; Ky. Stat., Secs. 3588, 3606, 3491, 4433, 4488, 4489, 4101; Acts, 1887-88, vol. 3, p. 509; Acts 1889-90, vol. 1, p. 446.

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

The appellee, board of education of Somerset public graded schools, was created by a special act of the Legislature in 1883 (3 Acts 1887-88, p. 509, c. 1273), which act was amended (volume 1, p. 446, c. 250, Acts 1889-90). By virtue of these acts of the Legislature, it levied an ad valorem tax of $1 upon each $100 of property in the school district, and a poll tax of $2. The district is comprised of the territory within —some outside of—the corporate limits of the city of Somerset. The levies were made for the years 1899, 1900 and 1901. Hiram H. Gragg was appointed tax collector, and was required to give a bond each year as such, which he did, with the appellant as surety. He failed to account to the appellee

for all the taxes for the years in question, and made settlements showing the amount due for each year. On his failing to pay over these sums, this action was instituted on the several bonds to recover the balances shown to be due from him. The appellant admits the execution of the bonds, but seeks to avoid liability thereon for several reasons, some of which will be made to appear in this opinion.

It is urged that the levy for the year of 1899 is invalid, because it does not state the purpose for which it was made, and that under the doctrine of Greenwell v. Commonwealth, 78 Ky., 322, Whaley v. Commonwealth, 110 Ky., 154, 61 S. W., 35, 23 Ky. Law Rep., 1292, and Commonwealth v. Stone, 71 S. W., 428, 24 Ky. Law Rep., 1297, it is not liable for the taxes collected and such as were not collected. There is no serious objection to the levies, except for the year of 1899. The order making the levy for the year of 1899 is as follows: "On motion, the levy for 1899 was fixed at $1.00 on every $100.00 worth of property, and $2.00 for each poll." The order does not state the purpose for which the levy is made— not even that it is for school purposes. Section 180 of the Constitution provides: ". . . Every act enacted by the General Assembly, and every ordinance and resolution passed by any county, city, town, or municipal board or local legislative body, levying a tax, shall specify distinctly the purpose for which said tax is levied. . . ." The appellee was a local legislative body authorized to levy the tax. The court, in City of Somerset v. Somerset Banking Co., 109 Ky., 549, 60 S. W., 5, 22 Ky. Law Rep., 1132, had under consideration orders making levies substantially the same as the one here under consideration, and held them void. The order in question is void, because it is in disregard of section 180 of the Constitution. In the case of Pulaski County v. Watson, 106 Ky., 500, 50 S. W., 861, 21 Ky. Law Rep., 61, the order stated the purpose for which the tax was levied; hence

that case does not support the position of counsel for appellee. If the order is void, then the collector had no authority to collect the tax, neither had the board the right to accept the bond in question; and for that reason no recovery can be had thereon (bond for 1899). This conclusion is supported by Greenwell v. Commonwealth, Commonwealth v. Stone, and Whaley v. Commonwealth.

By section 3, vol. 1, p. 447, c. 250, of the Acts of 1889-90, the board has the power to adopt the assessment of the assessor of the city of Somerset as to the property in the city limits belonging to all white persons, and it is made the duty of the assessor of the district to assess the property in the district outside of the city of Somerset. There is a board of equalization of the city to supervise the work of its assessor. By section 14, vol. 3, Acts 1887-88, p. 514, c. 1273, the board of education is authorized to sit as a board of supervisors for the purpose of supervising the tax list. No taxpayer is here complaining that the property was not properly assessed, or that the assessment was not properly supervised or equalized. The record fails to show that the law was not fully complied with.

Section 14 of the Acts of 1888 provides that "the collector shall be under the same responsibility as sheriffs in the collection of the State revenue," and that his surety shall be liable on his bond "for all money so collected." These two clauses must be construed together, to determine the liability of the collector and his surety. The bond which he gave, and which the appellant signed as surety, does not impose any greater liability upon the surety than is contemplated by law. It is not only the duty of the sheriff to pay over the money which he collects, but to collect all valid tax receipts placed in his hands for collection. We therefore are of the opinion that the bonds executed by the appellant did

not purport to impose any greater burden upon the appellant than is authorized by the statute. The appellant is liable not only for the taxes collected, but those which could have been.

It is insisted that the special acts under which the graded school was organized were repealed by the charters of cities of the fourth class. In this view we do not concur. We have examined the cases of Mayor of Eminence v. Wilson, 103 Ky., 326, 45 S. W., 81, 20 Ky. Law Rep., 29; Roberts v. Clay City, 102 Ky., 88, 42 S. W., 909, 19 Ky. Law Rep., 1047; Hickman College v. Trustees, 111 Ky., 944, 65 S. W., 20, 23 Ky. Law Rep., 1272; Trustees v. Vanceburg, 46 S. W., 1, 20 Ky. Law Rep., 369; Board of Education of Elizabethtown v. Morris, 71 S. W., 654, 24 Ky. Law Rep., 1422; and Board of Education of Somerset v. Trustees, 35 S. W., 549, 18 Ky. Law Rep., 103—and find that they do not support a different conclusion. In some of the cases the court held that the charters of cities of the fifth class did not repeal the provisions of the special acts giving the graded schools the money collected for liquor licenses, because the charter provided that such sums should go into the general fund of the municipalities; hence there was a conflict. The court recognized that special acts establishing graded schools in cities of the fifth class were still in force. The other cases referred to hold that the special acts are still in force. Somerset is a city of the fourth class. Under the charters of cities of the fourth class, it is optional with the cities of that class to maintain a system of public schools. The city of Somerset does not seem to have attempted to establish a system of public schools.

The appellee is entitled to recover on the bonds for the years of 1900 and 1901, and if there is no order except the one in question, making the levy for 1899, it is not entitled to recover on the bond executed for that year.

The judgment is reversed for proceedings consistent with this opinion.

Petition by appellant for extension of opinion overruled.