Case 51.—ACTION BY THE COMMONWEALTH FOR THE USE
OF TAYLOR COUNTY AGAINST THE UNITED STATES
FIDELITY AND GUARANTY CO. AND R. D. SANDERS,
TAX COLLECTOR OF TAYLOR COUNTY, FOR DEFICIT
IN TAXES COLLECTED.—November 9.

## Commonwealth, &c. v. United States Fidelity and Guaranty Co.

121    409
f129    321

Appeal from Taylor Circuit Court.

I. H. THURMAN, Circuit Judge.

From a judgment of dismissal plaintiff appeals.
Affirmed.

1. Taxation—Levy—Specification of Purpose of Tax—Necessity—
An order of the fiscal court of a county levying a tax for
a year, which is silent as to the purpose for which the tax
is levied, is void, within Constitution, sec. 180, providing
that every ordinance passed by any county, etc., levying a
tax "shall specify distinctly" the purpose for which the tax is
levied.

2. Same—Tax Collector—Bond—Liability for Collection of Ille-
gal Tax—Where the order of the fiscal court of a county
levying taxes was void, the surety on the tax collector's bond
was not liable for the collector's failure to account for the
taxes collected.

3. Same—Levy—Constitutional Provisions—Constitution, sec. 180,
declaring that every act of the General Assembly and every
ordinance of any county, etc., levying a tax, shall specify
distinctly the purpose for which the tax is levied, is manda-
tory.

4. Same — Tax Collector—Surety—Liability —Estoppel — Where
the order of the fiscal court of a county levying taxes was
void, the fact that the tax collector paid his premium on
his bond signed by a surety company after the company
knew the terms and scope of the bond, did not estop the
company from denying its liability for the collector's fail-
ure to account for the illegal tax collected.

5. Same—Liability of Surety—Collector's Bond—Validity of Tax—

The liability of a surety on the bond of the collector of a tax depends on the validity of the order making the tax levy, and not on the surety's good faith in going on the bond.

W. C. McCHORD and JOHN T. MOSS for appellants.

1. It was contended in the court below, and the court held, that the order of the fiscal court making the levy did not conform to sec. 180 of the present Constitution, in this, that it did not specify distinctly the purposes for which the tax was levied, and it was contended that the opinion of this court, in the case of the United States Fidelity and Guaranty Co. v. Board of Education of Somerset Graded School, 80 S. W., 1191, is conclusive of the question involved in this case. We submit that this case differs from the Somerset case in the following particulars:

a. In the Somerset case it is not shown from the opinion whether the taxes sued for had been collected. In this case the taxes sued for had all been collected by Collector Sanders, and had been applied by him to liquidate a deficit which he owed as collector for 1900; that appellee, the United States Fidelity and Guaranty Co., was surety on this bond, and was jointly liable with him for the taxes collected for that year.

b. In this case it is alleged that after the appellee, the surety on the bond, knew of the scope and purpose of the order of the fiscal court making the levy, and after it knew of Collector Sanders' purpose to collect said tax, as levied by said order, and after the tax books had come in to the collector's hands, and after Collector Sanders had collected a part of said tax, the appellee, the United States Fidelity and Guaranty Co., accepted from Sanders the sum of $——————— as a consideration and compensation for becoming and remaining surety on his bond. In consideration of said facts the fiscal court of Taylor county permitted said Sanders to collect said tax, and the taxpayers of Taylor county voluntarily paid to said Sanders the taxes collected by him and sued for. (See amended answer, setting up said facts, pp. 66 to 71 of transcript.)

2. If these facts are true, as alleged in the amended petition, it seems to us that the guaranty company is estopped to deny the liability on the bond, it matters not how defective the levy was.

JOHN McCHORD for appellee.

1. The order of the fiscal court attempting to make the levy of the tax is as follows: "Ordered by the court, that there is a tax of thirty-seven and one-half cents (37½) levied on each one hundred dollars' worth of taxable property of Taylor county for

the year 1901, and a poll tax of $1.50 on each poll of Taylor county for said year 1901."

2. This court in the cases of the City of Somerset v. Somerset Banking Co., 22 Ky. Law Rep., 1132, and the United States Fidelity and Guaranty Co. v. Board of Education, 80 Ky., 1191, in which similar levy orders were considered, declared them absolutely void because in violation of sec. 180 of the Constitution of the State, and exonerated the sureties on the bonds of the collectors.

3. I submit that the levy in this case is as clearly in violation of said sec. 180 of the Constitution as were the levies in the cases quoted. (Greenwell v. Commonwealth, 78 Ky., 322; Whaley v. Commonwealth, 23 Ky. Law Rep., 1292.)

OPINION BY JUDGE SETTLE—Affirming.

On the 3d day of April, 1901, the fiscal court of Taylor county, by an order entered of record, attempted to levy for the year 1901 a tax of 37½ cents on each $100 worth of taxable property and $1.50 on each poll in Taylor county. At the time this was done R. D. Sanders was the acting collector of taxes for Taylor county for that year; his appointment as such having been made by an order of the fiscal court entered January 29, 1901, at which time he accepted the office and executed bond for the faithful performance of his duties with appellee, the United States Fidelity & Guaranty Co., as surety, which bond was approved and accepted by the court. About August 10, 1901, the tax books of Taylor county were received by Sanders as collector, and he at once proceeded to collect, and did collect, the tax for that year, but failed to account for $2,625.50 thereof, as shown by his settlement made with the commissioner of the fiscal court. Thereupon this action was instituted to collect of the surety on his bond, the appellee, United States Fidelity & Guaranty Co., the deficit. The surety filed a general demurrer to the petition, which was sustained by the lower court. Appellant then filed

an amended petition,. and, appellee insisting upon its demurrer to the petition as amended, it was again sustained by the court, and the action dismissed.

The demurrer to the petition was sustained, and action dismissed by the lower court upon the ground that the order of the fiscal court fixing the county tax rate for the year 1901 was and is void; and this is the only question presented for our consideration on this appeal. The order in question reads as follows: "Ordered by the court, that there be, and there is, a tax of 37½ cents levied on each $100 worth of taxable property in Taylor county for the year 1901, and $1.50 on each poll in Taylor county for the said year."

Section 180 of the Constitution provides: "Every act enacted by the General Assembly and every ordinance and resolution passed by any county, city, town or magisterial board or local legislative body levying a tax shall specify distinctly the purpose for which said tax is levied."

Manifestly the order of the fiscal court does not conform to the requirements of the section of the Constitution, supra, for not only does it fail to "specify distinctly" the purpose for which the tax was levied, but it is altogether silent on that subject. When the Constitution declares in unmistakable terms that a thing must be done in a certain way, it is the duty of those intrusted with the doing of it to observe and conform to the constitutional requirements. The order of the fiscal court, being violative of the provisions of sec. 180 of the Constitution, is void. Therefore the fiscal court was without authority to accept the bond, and it was not the duty of Sanders to collect the tax attempted to be levied, for which reason the surety in his bond is not liable for such part thereof as he may have collected, but failed to account for. (Whaley v. Commonwealth, For Use,

&c., 110 Ky., 154, 61 S. W., 35, 23 Ky. Law Rep., 1292; U. S. Fidelity & Guaranty Co. v. Board of Ed., 118 Ky., 355, 80 S. W., 1191, 26 Ky. Law· Rep., 246; Greenwell v. Commonwealth, 78 Ky., 322; Dawson v. Lee, 83 Ky., 55, 6 Ky. Law Rep., 413; Hammond v. Crawford, 72 Ky., 76; City of Somerset v. Banking Co., 109 Ky., 549, 22 Ky. Law Rep., 1129, 60 S. W., 5; Commonwealth v. Hawkins, 32 S. W., 409, 17 Ky. Law Rep., 743.)

It is insisted for appellants that the provisions of sec. 180 of the Constitution are not mandatory, and consequently the fact that the order of the fiscal court is silent as to the purpose for which the tax was levied does not render it invalid. We are unable to perceive how the framers of the Constitution could have employed language more mandatory in character or meaning than that contained in the section supra. Besides, it has been expressly held by this court to be mandatory.

In the case of City of Somerset v. Somerset Banking Co., supra, we find this language used in respect to the provision of the Constitution in question: "We think they (the orders making the tax levy under consideration) are clearly in violation of the constitutional requirement above quoted, which is mandatory, and must be obeyed."

The conclusion is therefore inevitable that the tax collected by Sanders was never legally levied, because the order attempting to make the levy was void, and, as held in Dawson v. Lee, 83 Ky., 55, 6 Ky. Law Rep., 413, and also the authorities, supra, sureties on an official bond of a collector are not liable for an unconstitutional tax collected by the tax collector.

We are unable to see how the fact, alleged in the amended petition, "that Sanders paid his premium on the bond sued on after appellee knew the scope

and terms of the bond,'' estops the latter from denying its liability on the bond from the collections made by Sanders. The payment of the premium on the bond was purely a personal matter between Sanders and the appellee. If Sanders had not paid the premium at all, that fact would not have affected the liability of the surety, had the order of the fiscal court making the levy conformed to the provisions of sec. 180 of the Constitution. Obviously the surety believed when it signed the collector's bond that the order fixing the levy was valid, and the bond good; but that fact can not operate as an estoppel to its denial of liability. The fact of the surety's liability must be made to depend, not on its good faith in going on the bond, or on the payment of the premium, but on the validity or invalidity of the order making the tax levy. But, while this is true as to the surety, the collector is liable to the county for the money sued for, notwithstanding the invalidity of the levy. (Whaley v. Commonwealth, For Use, &c., 110 Ky., 154, 61 S. W., 35, 23 Ky. Law Rep., 1292.)

Wherefore, the judgment is affirmed.

Petition for rehearing by appellant overruled.