## Equitable Surety Company and The New England Equitable Life Insurance Company v. City of Newport.

(Decided March 24, 1922.)

### Appeal from Campbell Circuit Court.

1. Officers—Official Bonds—Liability of Sureties.—Official bonds cover not merely duties imposed by existing laws but duties imposed by subsequent laws, but the rule is confined to those cases where the new duties are of the same general nature and character, and therefore belong to and are connected with the office, and does not apply where the new duties are disconnected from and foreign to the office.

2. Municipal Corporations—Delegated Powers.—Where the board of commissioners is alone vested with the power of prescribing by ordinance the duties of employes, it cannot delegate to a single commissioner the power to set aside an ordinance of the board by requiring an employe to perform duties which the ordinance provided should be performed by another.

3. Municipal Corporations—Bonds of Employes—Liability of Sureties.—Official bonds do not cover moneys which the principal had no right to receive.

FRANK V. BENTON for appellants.

BRENT SPENCE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

The city of Newport brought suit against Damian L. Kehl, former clerk of the department of public property, and his sureties, the Equitable Surety Company and the New England Equitable Insurance Company, to recover about $15,000.00, which it is alleged that Kehl collected for the cty and failed to account for. Judgment was rendered against Kehl for the full amount sued for and against his sureties for $5,000.00 each. The sureties appeal.

Newport is a city of the second class and was operating under the commission form of government. All the legislative, executive and administrative power of the city, except as otherwise provided by the act, were vested in the board of commissioners, consisting of the mayor and four commissioners. Subsection 12, section 3235c, Kentucky Statutes. The affirmative vote of at least three members is necessary to the adoption of any motion, resolution or ordinance. Subsection 13, section 3235c. The administrative functions of the city are divided into five departments, to-wit: Department of public affairs, department of public finance, department of public safety, department of public works and department of public property. The mayor is the commissioner of the department of public affairs, and it is made the duty of the board of commissioners to designate one commissioner to have superintendence of each of the other departments. Subsection 18, section 3235c. Subsection 17, section 3235c, is as follows:

"The board of commissioners shall determine the functions of each department, and shall prescribe the duties of its commissioner and of his employes. It may assign any employe to one or more departments or require any employe to perform duties in two or more departments. It shall make all such rules and regulations as to the conduct of the various departments as may be necessary and proper for the efficient and economic conduct of the business of the city."

Subsection 19, section 3235c, is as follows:

"The board of commissioners shall also at its first meeting, or as soon thereafter as may be practicable, appoint all such employes as may be necessary for the proper and efficient conduct of the affairs of the city.

"All such employes shall be agents, not officers of the city; and they shall perform such duties and for such

compensation as the board of commissioners may by ordinance prescribe. Each employe shall be selected with reference solely to his fitness, and for the good of the public service (without reference to his political faith or party affiliation) and the board of commissioners shall adopt such rules and regulations looking to the appointment and discharge of employes as will tend to carry out the spirit of this provision and lead to the establishment of the merit (system) in public service."

On January 1, 1912, the board of commissioners duly enacted an ordinance entitled, "An ordinance to provide for the election and qualification of certain city officers, to fix their salaries, define their powers and prescribe their duties." Section 6 of the ordinance provided for the appointment of a cashier who was required to give bond in the sum of $50,000.00, and to "receive all funds of the city and deposit them in the city depository in the name of the city of Newport before he shall pay out any of them."

Section 12 of the ordinance is as follows:

"There shall be elected by the board of commissioners: One clerk of the department of public property, who shall give bond in the sum of $5,000.00 and receive a salary of $1,200.00 per year. He shall keep all accounts and statistics for the department of public property. He shall keep accurate accounts with each water consumer and make out at the proper time the bills for the same, which he shall sign and deliver to the cashier, who shall collect the same and report his collections to said clerk daily, so that he may credit the individual accounts. He shall perform such other duties as may be required of him by the commissioner of public property or by the board of commissioners."

On the same day that the above ordinance was enacted, a resolution was passed by the board of commissioners, appointing Damian L. Kehl, clerk of the public property department.

On January 6th, Kehl applied to the Equitable Surety Company for a bond "for keeping records of public property." Thereupon that company executed bond in the sum of $5,000.00, and the bond was continued in force by payment of annual premiums for the years, 1913, 1914 and 1915. The condition of the bond was as follows:

"The condition of the above obligation is such that the said Damian L. Kehl was on the 1st day of January,

1912, duly appointed as clerk of the department of public property in said city of Newport, Kentucky. Now, therefore, the said Damian L. Kehl and the Equitable Surety Company, a corporation organized under the laws of Missouri, his surety, do hereby covenant to and with the Commonwealth of Kentucky for the use and benefit of the city of Newport, Kentucky, that the said Damian L. Kehl shall well and truly perform each and all the duties of the said office as are now and may from time to time be required of him, and that we will pay any and all loss or damage that the said city of Newport may sustain by reason of any breach of this bond.''

The bond for the years 1916 and 1917 was executed by the New England Equitable Insurance Company. The condition of this bond was as follows:

''Whereas, the said Damian L. Kehl has been appointed to the position of clerk of public property for the Commonwealth of Kentucky and city of Newport:

''Now, therefore, if the said Damian L. Kehl shall faithfully perform all and singular the duties of his said office, as clerk of public property, during the term for which he was appointed, and until his successor shall be duly appointed and qualified, then this obligation shall be void; otherwise it shall be and remain in full force and effect.''

For a few weeks after his appointment Kehl made out the water bills and turned them over to the cashier for collection, but this method of collection having been found unsatisfactory, he was directed by the commissioner of public property to collect the bills himself. While doing this he misappropriated the sum sued for.

It is the contention of the city that the bonds covered not only the duties imposed on Kehl by the ordinance, but the additional duties required of him by the commissioner of public property pursuant to the authority conferred by the ordinance. On the other hand, it is the contention of the sureties that the new duties were not within the scope of the office and were not legally imposed. As sureties on an official bond are presumed to take notice of the fact that the legislative department may change the duties of their principal, it is the general rule that official bonds cover not merely duties imposed by existing laws, but duties imposed by subsequent laws. The rule, however, is confined to those cases where the new duties are of the same general nature and character, and therefore belong to and are naturally con-

nected with the office, and does not apply where the new duties are disconnected from and foreign to the office. 22 R. C. L. 504. Thus in People v. Vilas, 36 N. Y. 459, 93 Am. Dec. 520, it was held that the sureties on an official bond were liable where, pursuant to a subsequent act of the legislature, an officer was entrusted with a sum of money larger than usual, but of the same nature and from the same sources as that which the officer was otherwise bound to care for. See also Ramsey v. People, 197 Ill. 572, 64 N. E. 549, 90 A. S. R. 177. On the other hand it was held in County of Spokane v. Allen, 9 Wash. 229, 37 Pac. 428, 43 A. S. R. 830, that where a county attorney had been elected, given an official bond and had assumed the duties of the office, and a statute was thereafter enacted imposing upon him the new and additional duties of collecting and accounting for delinquent taxes, such duties were not germane to his original office, and the sureties on his official bond were not liable for the non-performance by him of the new and additional duties thus imposed. In view of these principles, and of the fact that the ordinance creating the position of clerk of the department of public property imposed on him merely the duties of a bookkeeper by requiring him only to keep all accounts and statistics for the department, and to keep accurate accounts with each water consumer, make out the proper bills for same and deliver them to the cashier, it is doubtful whether the additional duty of collecting the water rents was germane to the office or employment. But if we concede that such is the case we are then confronted by a more serious question, and that is, the power of the commissioner of public property to impose the new duty. The power to prescribe by ordinance the duty of employes was vested solely in the board of commissioners. Subsection 18, section 3235c, *supra*. Pursuant to this authority, the board enacted the ordinance of January 1, 1912, imposing on the clerk of public property the duty to make out water bills and turn them over to the cashier, and on the cashier the duty to collect such bills. The ordinance further provided that the clerk should perform such other duties as might be required of him by the commissioner of public property or by the board of commissioners. The duty of collecting the water rents was not imposed on the clerk of public property by any ordinance or resolution of the board of commissioners, but only by the direction of the commissioner of public property. Even if we assume that the board of

commissioners could delegate to a single commissioner a power conferred on the board alone, we think it clear beyond all controversy that the board could not delegate to one of its members the power to set aside an ordinance of the board by requiring an employe to perform duties which the ordinance provided should be performed by another. It follows that the new duty was not lawfully imposed and that Kehl had no right to collect the money. That being true, the case falls within the well settled rule that bonds do not cover money which the principal had no right to receive, Elliott v. Commonwealth, 144 Ky. 335, 138 S. W. 300; Clarke v. Logan County, 138 Ky. 676, 128 S. W. 1079; Hammond v. Crawford, 72 Ky. 76, and judgment should have been rendered accordingly.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.