# Davis v. National Surety Company of New York.

(Decided February 13, 1931.)

G. W. STEPHENS for appellant.

H. M. CLINE and HUMPHREY, CRAWFORD & MIDDLETON for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellant, Thomas S. Davis, was the sheriff of McCreary county from January 1, 1922, to January 1, 1926, during which period Ulysses S. Wood was the clerk of the circuit court of that county. The appellee National Surety Company was the surety on the official bond of Wood, which was worded as follows:

"We, Ulysses Sidney Wood and the National Surety Company, his surety, do hereby covenant with the Commonwealth of Kentucky in the penal sum of Two Thousand ($2,000.00) Dollars, that the said U. S. Wood as clerk of the McCreary Circuit Court shall well and truly discharge all the duties of said officer according to law and pay over to all parties entitled thereto any funds that may come into his hands by virtue of his office as circuit court clerk aforesaid."

This bond was executed pursuant to section 373 of the Kentucky Statutes, which requires circuit clerks to execute bond conditioned on the faithful discharge by them of every duty of their office. During the term of Davis as sheriff and while Wood was circuit clerk, there was paid to Wood from time to time certain costs arising out of litigation to which the sheriff was entitled, but which, as is conceded by the parties hereto, it was no duty of the clerk to collect; the payments to the clerk being simply as a matter of convenience and practice on the part of the litigants. Wood failed to pay over to Davis all of these costs so collected, whereupon Davis brought this suit against Wood and the National Surety Company, the surety on his bond, to recover those costs

so collected by the clerk and not turned over to the appellant. The demurrer of the surety company to the petition being sustained, and appellant declining to plead further as to the surety company, his petition was dismissed as to it, and he appeals.

The liability of Wood to the appellant is not involved on this appeal; the inquiry being confined to the question whether the surety company is liable under its bond for these costs.

In the case of Hardin's Executors v. Carrico, 3 Metc. 289, which involved the liability of the surety on the bond of the clerk of the circuit court, and in which we held the surety not liable, we said:

"But it is insisted that one of the official and legal duties of the clerk was to receive moneys deposited or paid into court, and to hold and pay over the same as directed by the court, and that consequently the sureties of Kelly were properly held liable under the general covenant which provides for the faithful discharge of his duties as clerk, according to law.

"The official duties of a clerk of the circuit court are, for the most part, prescribed and defined by statute. But we have been referred to no statutory provision, and have met with none, which enjoins or even authorizes the performance of the duty in question by the clerk. Nor is there anything in the nature of his office, or in his official relations to the court, which requires that he should become the receiver and custodian of money deposited or paid into court.

. . . . .

"And it may be said, with equal propriety here, that the practice which may have prevailed in our courts, of making the clerk the custodian of money deposited or paid into court, cannot have the effect to render the sureties of that officer answerable for his default with respect to a duty not prescribed nor even recognized by law, and which therefore the sureties cannot be supposed to have contemplated when they undertook for the faithful discharge of 'his duties as clerk,' according to law."

In the case of Griffith v. Commonwealth, 10 Bush, 281, the facts were these: The clerk sued the sheriff and the surety on his bond for failure to account for and pay over certain fee bills due the clerk which had been listed with the sheriff for collection under the provisions of the

statute making it the duty of the sheriff under certain states of case to collect officers' fees listed with him. In holding the surety not liable under the facts stated, we said:

"The sureties of sheriffs are unquestionably responsible for money collected by their principals or deputies on writs of execution or other process upon which they are by law authorized to coerce payment; and in an action against the sureties of the sheriff to pay money collected by him to the person entitled thereto, in order to maintain the action, it is necessary to state such facts as show that the sureties are responsible according to law. If the action is brought against the sureties of a sheriff to make them pay the amount collected by their principal on the fee-bills of a clerk listed with him, it is necessary to aver that the fee-bills were in the hands of the sheriff after the 1st day of May next succeeding the rendering of the services, and within three years after they were distrainable, that they had been in the sheriff's hands over six months, or that he had collected them; and it is not sufficient to allege merely that the fee-bills were distrainable, which is but a legal conclusion.

"The sheriff would be individually liable on his covenant to collect and account for the fee-bills which he acknowledged he had received; but his sureties are not; they can only be made liable for money collected on writs and process which the law makes it his duty to take and collect."

In the case of Catlin v. United States Fidelity & Guaranty Co., 137 Ky. 208, 125 S. W. 297, 299, which involved the liability of a surety on the bond of the master commissioner and receiver of the court, we said:

"The doctrine does not obtain in this state that the surety on an official bond is held for acts done by the official under color of office. It is only where his act is in virtue of office that the surety is bound. Whaley v. Commonwealth, 110 Ky. 154, 61 S. W. 35, 23 Ky. Law Rep. 1292; U. S. Fidelity & G. Co. v. Board of Education [118 Ky. 355], 80 S. W. 1191, 26 Ky. Law Rep. 246; Greenwell v. Commonwealth, 78 Ky. 322; Dawson v. Lee, 83 Ky. 55; Somerset v. Banking Co., 109 Ky. 549, 60 S. W. 5, 22 Ky. Law Rep. 1129; Commonwealth for use v. U. S. Fidelity,

etc., Co. [121 Ky. 409], 89 S. W. 251, 28 Ky. Law Rep. 362. If the act of England had been merely under color of office, in collecting the money after it had been loaned out by the court's order, his surety would not be bound under the authorites in this state. But it was more than that. It was an official act, under warrant of legal power and authority, was virtute officii. Being such, his default was a breach of his official bond. We find that our views are fully sustained in the opinion of the Circuit Court of Appeals, Fourth Circuit, in Baltimore B. & L. Ass'n v. Alderson, 99 F. 489, 39 C. C. A. 609.''

In the case of Greenwell v. Commonwealth, 78 Ky. 320, the sheriff of Nelson county had without authority collected certain special taxes and had failed to account for them. In holding the surety of his official bond not liable for the taxes thus collected, we said:

''His subsequent acts may estop him from making any defense, but it is clear that his sureties are not liable for a failure on the part of the sheriff to do that which was not required of him. Before these sureties can be made liable for this tax, it must appear that the sheriff has failed to discharge some duty imposed on him by law with reference to its collection.''

In the case of Equitable Surety Co., etc., v. City of Newport, 194 Ky. 363, 238 S. W. 1046, 1047, the question was presented of the liability of the surety on the bond of the clerk of the department of public property. He had collected certain water bills for which he had failed to account, such collecting being no part of his official duties. In holding the surety not liable, we said:

''Pursuant to this authority the board enacted the ordinance of January 1, 1912, imposing on the clerk of public property the duty to make out the water bills and turn them over to the cashier, and on the cashier the duty to collect such bills. The ordinance further provided that the clerk should perform such other duties as might be required of him by the commissioner of public property or by the board of commissioners. The duty of collecting the water rents was not imposed on the clerk of public property by any ordinance or resolution of the board of commissioners, but only by the direction of the

commissioner of public property. Even if we assume that the board of commissioners could delegate to a single commissioner a power conferred on the board alone, we think it clear beyond all controversy that the board could not delegate to one of its members the power to set aside an ordinance of the board by requiring an employee to perform duties which the ordinance provided should be performed by another. It follows that the new duty was not lawfully imposed, and that Kehl had no right to collect the money. That being true, the case falls within the well-settled rule that bonds do not cover money which the principal had no right to receive. Elliott v. Commonwealth, 144 Ky. 335, 138 S. W. 300; Clark v. Logan County, 138 Ky. 676, 128 S. W. 1079; Hammond v. Crawford, 72 Ky. (9 Bush) 76, and judgment should have been rendered accordingly."

See, also, Hammond v. Crawford, 9 Bush, 75; American Bonding & Trust Co. v. Blount, 65 S. W. 806, 23 Ky. Law Rep. 1632; Commonwealth v. Bacon, 111 S. W. 387, 33 Ky. Law Rep. 935.

The doctrine in this state is well summed up in the case of the American Surety Co. v. City of Winchester (C. C. A.) 35 F. (2d) 812, 813, where that court said:

"It is conceded to be the law of the state of Kentucky that the surety upon the bond of a public official, conditioned that he shall well and truly discharge the duties of his office and to pay over to such persons as may be respectively entitled thereto, all money that may come into his hands as such officer, is liable as to such money only as it was made by statute the duty of the officer to collect or receive in his official capacity—not such as he may have received under color of office but which the statutory law did not authorize him to receive."

The cases relied on by the appellant do not militate against this rule. In each of them the officer was acting within the scope of his authority, and he had authority to perform the duty in question in a correct manner, but, because he performed it improperly, his surety was held liable. For instance, in the case of Vansant v. Commonwealth, 189 Ky. 1, 224 S. W. 367, the superintendent of public instruction rightfully in possession of certain funds used them for an unlawful purpose, and his surety

was held liable for the funds so misused, and in the case of Growbarger v. United States Fidelity & Guaranty Co., 126 Ky. 118, 102 S. W. 873, 31 Ky. Law Rep. 555, 11 L. R. A. (N. S.) 758, 128 Am. St. Rep. 274, a police officer lawfully having a prisoner in his custody shot and killed him. His surety was held liable. But in the instant case the funds for which the appellant sought a recovery had not been paid to the circuit clerk because of any duty on his part as such clerk to receive them, and, under the well-settled doctrine of this state, as above set out, the surety on the clerk's bond is not liable for them.

The judgment is affirmed.