## Wolfe County et al. v. Smith et al.

June 14, 1940.

J. B. Howard, Judge.

M. E. Strange, Beverly White and Chas. E. Lindon for appellants.

F. T. Allen, Leebern Allen and I. M. Combs for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The appellee, W. C. Smith, was clerk of the Wolfe Circuit Court for the six-year term beginning in January, 1928, and as such was paid during the years 1930 to 1933, inclusive, the $20 per month salary as librarian provided by Acts 1930, ch. 63, page 199 (Kentucky Statutes, Section 2438c-8), the amount paid to him being $840.

In Greenup County v. Spears, 259 Ky. 114, 81 S. W. (2d) 905, it was held that clerks in office at the time of the enactment of the statute were not entitled to receive the additional compensation.

This action was filed by Wolfe County against the appellee, Smith, and the appellee, Fidelity and Deposit Company of Maryland, surety on his official bond, to recover the $840 illegally paid to him by the county. The appellees pleaded that the money was paid to the clerk more than five years before the commencement of the action and that the right of action was barred by limitation. A demurrer to this plea was overruled and the appellant declined to plead further, whereupon its petition was dismissed and this appeal follows.

It is contended by appellant that this is an action on the official bond of the clerk and that the fifteen-year statute of limitations provided by Kentucky Statutes, Section 2514, is applicable while appellees contend that appellant has no right of action on the clerk's official bond, but only an action on the implied obligation to repay money illegally received by the clerk which is controlled by the five-year statute of limitations provided by Kentucky Statutes, Section 2515.

In Clark v. Logan County, 138 Ky. 676, 128 S. W. 1079, Elliott v. Commonwealth, 144 Ky. 335, 138 S. W. 300, Equitable Surety Company v. City of Newport, 194 Ky. 363, 238 S. W. 1046, and Davis v. National Surety Co. of New York, 237 Ky. 401, 35 S. W. (2d) 560, it was held that the official bond of an officer does not cover the obligation to return money illegally received by the officer and in the first case it was specifically held that an action against an officer to recover salary or fees unlawfully paid to him was an action on an implied contract to repay the money and was barred by the five-year statute of limitations provided in Kentucky Statutes, Section 2515. Those cases are controlling here.

Judgment affirmed.