Opinion of the Court, by
Judge Owsley.
THIS suit was brought in the name of the Commonwealth, for the use and beneSt of Weathers Smith, against Hawkins and his sureties, upon his official bond as sheriff.
The bond is in the usual form, with a condition, “ that if Hawkins, as sheriff of the county of Bath, shall, by himself or deputies, well and truly collect all offi-cerg? fees anf¡ ¿¡Qes pUt into his or their hands to collect* and account for, and pay the same, at such time and in such manner as is directed by law; shall also well and., truly execute, and due return make of a!) process and precepts to him directed, and to him or them delivered, and pay and satisfy all sums of money or tobacco by him or them received, or which ought to have been received upon any such processor precepts, to the person or persons entitled thereto, and in all other things- *145 shall truly and faithfullj' execute and perform the said office of sheriff, according to law, during the time of his continuance therein, then the above obligation to be void; otherwise, to remain in full force and virtue.”
First assign-wont of breach*
Theotheras-ágnments of breaches,
Demurrer ie declaration,
After setting out the bond and condition, thedeclar-ation alleges for breach, first, “ that on the 21st day of September 1818, there issued from the office of Peter Davis, a justice of the peace for Bath count}, a writ of attachment, in favor of Weathers Smith, against the estate of Charles Grimes, of the said county of Bath, for the sum of thirty-seven dollars and fifty cents, with lawful interest from the first day of August 1818, and the costs of attachment, which attachment duly came to the bands of John M. Hawkins, deputy for the said John Hawkins, sheriff of Bath county, and was returnable to the next circuit court, to be holden for said county of Bath; on which writ of attachment the said John ¡VI. Hawkins, deputy as aforesaid, received the amount of principal, (interest, costs and sheriff’s commission, as will appear from his return made thereon the 20th day of October 181 8; but the same to pay to him, the said Weathers Smith, the person entitled thereto, has wholly failed and refused, although often requested.”
Three other assignments of breaches are contained in the declaration, neither of which, however, need be now recited. It is. sufficient for the present purpose, to remark, that each of those assignments sets out attachments for like sums, which issued from a justice of the peace, returnable to the circuit court, and each of which are alleged to have come to file hands of John M. Hawkins, cepnty for John Hawkins, sheriff, and in each assignment the deputy is either averred to have received the amount of the attachments from the person against whose estate they issued, and failed to pay the same to Smith, the plaintiff in the attachments, or to have failed to levy the same, and make due and legal return thereof.
The sheriff and Ins sureties demurred to the declaration, and .the demurrer being joined, it was overruled by the court.
The first question to be noticed, involves the correctness of the decision upon the demurrer.
The solution of this question turns upon the further question, whether or not either of the assignments of *146 breaches is 'sufficient to show a liability in the sheriff and his sureties, upon his official bond.
(1) Attach-msnts for loss fin fh'an SO Jars (since the act in-creasin'; the jurisdiction of justices to that sum) returnable to the circuit court, are merely void.
The f-rii rire of'the* deputy to ^I-n ovoid6" attachment is no broach of the condi-sheriff's bond
(3) The fail-in-o of the over ^money^ collected on void process, breach of the condition of his princi-íond official
(1) We should have no hesitation in answering this question -n the affirmative, if the attachments meution-ed in the assignment of breaches were admitted to be of any legal validity. The bond of the sheriff, in 'explicit terms, requires of him, either in person or by deputy, to well and -truly execute and due return make of all process and precepts to him directed, and to him or his deputy delivered; and, of course, whenever there is a failure by the sheriff or his deputy, to execute or due return make of any valid process or precept to either of them delivered, and to the sheriff direeled, and which might have been executed, an action may he sustained upon the official bond, in behalf of the person in whose favor such process issued. But we do not admit that either of the attachments mentioned in the assignment of breaches is of any legal validity. Each of those attachments appears (o have issued since the passage of the act increasing the jurisdiction of justices of the peace to fifty dollars; and as each is for a less sum of money than fifty dollars, and was made returnable to the circuit court, neither can be admitted to be of any legal efficacy. In the case of Owens vs. Starr, 2 Litt. Rep. 234, it was decided, that attachments for sums of money less than fifty dollars, exc^us^veV cognizable before justices of the peace, aI>d cannot legally be made returnable to the circuit -court; and if, in that opinion, we were correct, each of a^ac^ments mentioned in the assignment of breaches in this case must necessarily be intrinsically vitious, and void ab initio. We know, that for an irregularity in the return day of an execution, it is said ^le Proce3S will not be adjudged absolutely void; but a distinction exists between final and original process, and though an error of that sort, in the former case, is amendable, it is said not to be so as to the latier.
(2) If, therefore, each of the attachments is void, it follows, that neither of the assignments .of breaches show any breach of the condition of the. sheriff’s official bond. Though received by the deputy, if void, the at-taohments conferred no authority upon the deputy, and of course the plaintiff in the attachments can have no cause of complaint against the sheriff, for the failure of the deputy to levy and return the attachments.
The plain tit? in the process “the°deputy,asm»ney received, in capacity,1 for his (plain-use“
Triplett, for plaintiff.
(3) Nor is the sheriff liable, if, as is alleged, the deputy received from the person against whom the attach-tnents issued, the amount thereof, and failed to pay the same to the plaintiff'in the aflaehments; for, having received the money under void process, the deputy must be considered as holding it for the use of the plaintiff iu whose favor the process issued; not in his official capacity, but as a private individual; and it is to him, and not to the principal sheriff, the plaintiff must have recourse for indemnity.
It results, therefore, that the declaration is insufficient, and consequently the demurrer ought to have been sustained.
The judgment must be reversed with costs, the cause remanded, and judgment entered in the court below in favor of the sheriff and his sureties,, upon.the demurrer, &c.