# Elliott, et al. v. Commonwealth, For Use Of, et al.

(Decided June 21, 1911.)

## Appeal from Laurel Circuit Court.

1. County Clerk and Sureties—Action Against—Fees.—In an action by the county against the clerk of a county court and the sureties in his official bond for fees illegally allowed the former by the fiscal court and collected by him from the county. Held, 1st., That as to the fees allowed by the fiscal court for services rendered by the clerk, for which the statutes provided no compensation, the county was properly given a judgment against the clerk, as the orders allowing such fees were void, the fiscal court being without jurisdiction to allow them.

2. The county was not entitled, however, to recover the amounts allowed the clerk by the fiscal court for acting as clerk of that court.

3. Section 1835 Kentucky Statutes requires the county clerk to act as clerk of the fiscal court, and that for his services the fiscal court shall annually make him a reasonable allowance. So the fiscal court was not without jurisdiction to allow a reasonable amount; and if the allowance made the clerk was excessive and, therefore, unreasonable, the county should have prosecuted an appeal to the circuit court for its correction, instead of suing in an original action.

4. Judgment should not have gone against the sureties in the clerk's bond for any amount. While the covenants of the bond make them liable for the improper performance or non-performance of any and every official act or duty the law requires of him, they did not undertake that he would account for moneys he was not legally entitled to receive.

D. K. RAWLINGS, E. H. JOHNSON and HAZELWOOD & JOHNSON for appellants.

H. J. JOHNSON for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Reversed and cause remanded.

The appellee, Commonwealth of Kentucky, for the use of Laurel County, sought in this action to recover of the appellants, F. P. Elliott, former clerk of the Laurel County Court, and W. A. Parsley, James Sparks and L. B. McHargue, sureties in his official bond $485.05, alleged in the petition to have been illegally allowed El-

liott by the fiscal court of Laurel County and illegally collected by him, for services he claimed to have rendered the county as clerk of its county and fiscal courts, and for which, as further alleged, the statute of the State provided no compensation. A statement showing the various items of fees alleged to have been illegally allowed by the fiscal court and collected by Elliott, aggregating $485.05, was filed with the petition. Appellants filed demurrers to the petition, which were overruled. They then filed answers which traversed the averments of the petition and pleaded the legality of the fees allowed by the fiscal court and received by the appellant, Elliott. The answers were controverted by reply.

It was averred in the petition that $299.75 of the amount sued for was made up of fees charged by Elliott and allowed by the fiscal court for orders, at twenty-five cents each, which he as clerk and by direction of the county court, entered on the records of the county court between January 4, 1904, and June 30, 1905. It was alleged that the orders referred to were, in the main, with respect to the release or discharge of road overseers; that is to say, upon the appointment of a new road overseer by the county court Elliott, as clerk, would not only enter, as was proper, an order making the appointment, but also enter an order releasing the overseer whose place was taken by the new one. The statute regulating the fees of the clerk of the county court permits him to charge twenty-five cents for an order appointing a road overseer and twenty-five cents each for two copies thereof, one to be delivered by the sheriff to the new overseer and the other for making his return, but it does not allow a fee at all to the clerk for making an order releasing the former overseer, or require such an order to be made; indeed, the entering of the order appointing the new overseer effects the release of the old one. It is patent that the many fees charged by Elliott for orders of release to road overseers were illegal and illegally collected of the county, and that the fiscal court was without jurisdiction or power to allow them. The same is true of the few other items of fees included in the $299.75, for our examination of them convinces us that the statutes allow no compensation for the services for which they were charged. The circuit court, however, allowed Elliott some of these fees and only gave appellee judgment for $269.55 of the $299.75 claimed on this branch of the case. We are not required to de-

termine whether or not the court erred in thus confining appellee's recovery to $269.55, as it has not taken a cross appeal.

Manifestly, the appellant, Elliott, has no right to complain of appellee's recovery of the $269.55; he had no right to retain money illegally collected by him of Laurel County, and the orders of the fiscal court under which he was permitted to collect the $269.55 were void. Subsection 1, section 1749, Kentucky Statutes, provides:

"No officer shall demand or receive for his services any other or greater fee than is allowed by law, or any fee for services rendered when the law has not fixed on a compensation therefor; nor any fee for services not actually rendered."

In Morgantown Deposit Bank v. Johnson, Sheriff, et al., 108 Ky., 507; 22 R., 210, the clerk of the Butler County Court was allowed $350 by the fiscal court for recording school census reports for the years 1894, 1895, 1896 and 1897; he assigned the claim to the bank, which sued Johnson, Sheriff of the county, to compel its payment. On appeal from the judgment of the circuit court dismissing the bank's petition, this court held that although the recording of the school census reports was a service required of the clerk by the statute, as there was no provision of the statute which authorized the fiscal court to pay him therefor, that court had no jurisdiction or power to allow his claim; therefore, the judgment of the circuit court was affirmed.

In Wortham v. Grayson County Court, 13 Bush, 53, it was held that a county clerk is not entitled to charge the county for entering in the county court orders for which fees are not expressly allowed by law and directed to be paid by the county court. The opinion in presenting the court's reasons for sustaining the circuit court's rejection of the clerk's claim said:

"It is a sufficient answer to say, state and county governments of this country never become debtors, by implication, to any of their agents; and that in order to hold them, or any of them, responsible for a claim, the claimant must show a legal obligation on their part to pay it. * * * And, therefore, when the State requires services to be performed by its officers for which no remuneration is allowed, they must be regarded as ex officio services, for which no charge can be made. This may seem a great hardship on the person who performs the services; but he must remember that all the citizens

of any government perform public services without any remuneration, except the protection and security to life, liberty and property afforded by it."

The remaining $185.30 of the $485.09 sued for, consisted of allowances at the rate of twenty-five cents per order, made the appellant, Elliott, by the fiscal court for services he, as clerk, rendered at its sessions between January 4, 1904, and June 30, 1905. In addition, the fiscal court also allowed him for the same services, covering the same period, $3.00 for each day it was in session, aggregating $33.00.

It was conceded by appellee that the allowance of $33.00 was proper, but insisted that the fiscal court's allowance of the $185.30, or any part thereof, was unauthorized and void. The circuit court adjudged that Elliott should have been allowed for services rendered the fiscal court from January 4, 1904, to June 30, 1905, $156.25 to be credited by the $33.00, which entitled him for the services in question, to $123.25. So, upon this theory it was held that Elliott received for his services to the fiscal court for the period mentioned $62.05 more than he should have been allowed or paid; hence by the judgment rendered appellee recovered this amount which added to the $269.55 of other fees he was improperly allowed and paid, made appellee's entire recovery in the case $331.60.

It is insisted for appellants that the allowance to Elliott of the $33.00 and $185.30 items by the fiscal court for the services rendered by him as clerk for that court, was clearly within their power and jurisdiction and that the allowances were reasonable.

This contention is based on section 1835, Kentucky Statutes, which provides:

"The clerk of the county court of each county shall, by virtue of his office, be clerk of the fiscal court. He shall attend its sessions and keep a full and complete record of all its proceedings, with proper index. For his services the fiscal court shall annually make him a reasonable allowance, to be paid out of the county levy."

Obviously, Elliott was entitled to be reasonably compensated for his services while acting as clerk of the fiscal court, and the statute, supra, made it the duty of that court to allow him such compensation. Its jurisdiction and authority to compensate him can not be questioned. If the allowances made him by the fiscal

court were excessive, it was an abuse of the discretion conferred upon that court by the statute, which might have been corrected by the circuit court on appeal prosecuted for the county, by the county attorney, as allowed by section 978, Kentucky Statutes, which provides:

"Appeals may be taken to the circuit court from all orders and judgments of the fiscal court * * * in civil cases where the value in controversy, exclusive of interest and costs, is over $25.00." Section 724. subsections 1 and 2, Civil Code.

It is patent, therefore, that though the circuit court might, on appeal, have determined whether the several allowances, aggregating $185.00, made Elliott by the fiscal court for services rendered it as clerk, were reasonable, it was without jurisdiction to do so in this, an original action. The orders of the fiscal court allowing the illegal fees charged and collected by the appellant, Elliott, $269.55, of which appellee recovered by the judgment of the circuit court, stand, however, on a different footing; the services for which they were allowed being such as the law did not allow the clerk compensation for, the orders of allowance were void because the fiscal court was without jurisdiction to make them, and this being true, an appeal from that court to the circuit court was not required. The fees illegally allowed Elliott were, as previously stated, recoverable by appellee in an original action. Although the judgment of the circuit court properly went against the appellant, Elliott, for the fees illegally allowed him by the fiscal court, amounting to $269.55, it was error to render judgment for same, or any part thereof, against the appellants, W. A. Parsley, James Sparks and L. B. McHargue, sureties in his official bond. Their liability is expressed in the bond and is to be measured by its terms. By its covenants they are liable for their principal's non-performance or improper performance of any and every official act or duty which the law required him, as county clerk, to perform, but they did not undertake that he would account for moneys he was not legally entitled to receive, or which the fiscal court was not authorized to allow or pay him, whether as fees for services rendered by him as clerk or otherwise.

The non-liability of sureties in an official bond for moneys illegally received or collected by the principal

in his official capacity has been declared in numerous decisions of this court.

In Whaley, et al. v. Commonwealth, 110 Ky., 154, it was held that the sureties in a sheriff's bond were not liable for the void part of a county levy collected by him; and that neither the sheriff nor his sureties were liable for the void part of such levy collected by the sheriff's deputy and not paid over to the sheriff. In Hawkins v. Commonwealth, 17 Ky., 146, it was held that neither the sheriff nor his sureties were liable for money represented by certain attachments in the hands of a deputy and which he had failed to make; it being made to appear that the attachments were void. In the opinion it is said:

"Though received by the deputy, if void the attachments conferred no authority upon the deputy; and, of course, the plaintiff in the attachments can have no cause of complaint against the sheriff for the failure of the deputy to levy and return the attachments. Nor is the sheriff liable if, as alleged, the deputy received from the person against whom the attachment issued the amount thereof, and failed to pay the same to the plaintiff in the attachments; for having received the money under void process, the deputy must be considered as holding it for the use of the plaintiff in whose favor the process issued, not in his official capacity, but as a private individual. and it is to him, and not to the principal sheriff, the plaintiff must have recourse for indemnity."

In Hammon v. Crawford, 72 Ky., 76, it was held that the sureties of a defaulting school commissioner were not responsible for money drawn from the treasury by him, unless it was drawn according to law, and that the petition in an action against the sureties should have contained a statement of every fact necesary to show that the auditor had authority to draw his warrant on the treasurer for the amount received by the commissioner. In Ossentons' Admx. v. Burnett. 19 R., 610, it was said:

"The liability of the obligors in an official bond is measured by its terms. * * * If the tax collector collected more than was sufficient for that purpose (i. e. to satisfy the levy), he may be liable to the county; but not so with his sureties."

The most recent case bearing on this question is that of Clark, et al. v. Logan County, 138 Ky., 676. The ac-

tion was upon the county judge's official bond and to recover excess of salary and compensation for acting as commissioner of the courthouse and poorhouse, illegally allowed by the fiscal court and paid him out of the funds of Logan County. We held that a recovery as to part of the moneys sued for was barred by limitation; that as to other moneys sought to be recovered, the county was entitled to judgment against the county judge, but that the sureties in his official bond were not liable for any part of the sums adjudged against him, as "their bonds did not cover moneys which he, as county judge, had no right to receive."

The following additional authorities are to the same effect: Griffith v. Commonwealth, 73 Ky., 281; Dawson v. Lee, 83 Ky., 55; Duncan v. Smith, 15 R., 58; American Bonding Co. v. Blount, 23 R., 1632; Hotcher v. Pike, 13 R., 494; Commonwealth v. Bacon, 33 R., 935.

For the reasons indicated the judgment, in so far as it makes the appellant, Elliott, liable for the $269.55, of illegal fees, allowed by the fiscal court and paid him out of the funds of Laurel County, and interest thereon, as allowed, is affirmed as to him; but in so far as the judgment makes the appellant, Elliott, liable for $62.00, or any part of the $33.00, or $185.00 allowed him by the fiscal court for services rendered as the clerk thereof, it is reversed. The judgment is also reversed, in all respects, as to the sureties of Elliott, and cause remanded, with directions to the circuit court to enter such a judgment as will conform to this opinion.