## Nuetzel, Clerk of the Jefferson County Court, et al. v. Barr.

(Decided April 18, 1918.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

Clerks of Courts—Compensation—Clerks of Fiscal Courts—Fees —Statutory Provisions.—Section 1835, Kentucky Statutes, and section 3, Acts 1916, chapter 72, page 598, providing that the clerk of the county court shall by virtue of his office be clerk of the fiscal court and for his services the fiscal court shall annually make him a reasonable allowance to be paid out of the county levy are exclusive, and the clerk of a county court while acting as clerk of the fiscal court, is not entitled to charge a fee of thirty cents to be paid by each claimant for issuing warrants against the county treasurer on claims in excess of $5.00 allowed by the fiscal court against the county, as prescribed by section 1720, Kentucky Statutes.

J. MATT CHILTON, County Attorney, and CHARLES H. MORRIS, Attorney General, for appellants.

N. H. DOSKER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

The purpose of this appeal is to determine the right of the clerk of the Jefferson county court to charge a fee of 30 cents, to be paid by each claimant, for issuing warrants against the county treasurer on claims in excess of $5.00 allowed by the fiscal court against the county. The question arises in the following way: The fiscal court allowed J. H. Barr a claim of $851.00. Fred O. Nuetzel, clerk of the Jefferson county court and by virtue of his office, clerk of the fiscal court, entered the order of allowance and issued a warrant in favor of Barr for the amount of his claim. Nuetzel declined to deliver the warrant until the fee of 30 cents was paid by Barr. Whereupon Barr applied to the Jefferson circuit court for a writ of mandamus compelling Nuetzel as clerk to deliver the warrant. The Jefferson circuit court held that Nuetzel was not entitled to the fee of 30 cents and entered judgment commanding the delivery of the warrant. From the judgment so entered this appeal is prosecuted. By section 1835, Kentucky Statutes, enacted October 17, 1892, it was provided as follows:

"The clerk of the county court of each county shall by virtue of his office, be clerk of the fiscal court. He shall attend its sessions and keep a full and complete record of all its proceedings, with a proper index. For his services the fiscal court shall annually make him a reasonable allowance, to be paid out of the county levy."

Subsequently by an act of June 15, 1893, section 1720, Kentucky Statutes, was enacted, which provides in part as follows:

"Hereafter, the clerks of the Court of Appeals, clerks of the circuit courts, and clerks of the county courts, so far as the same will apply, shall receive the following fees for services performed by them: . . . For each order and certificate allowing any claim against the county or state treasurer, when the claim exceeds five ($5.00) dollars, and to be paid by the claimant . . . . thirty ($.30) cents."

Section 3, of the act of March 24, 1916, (acts 1916, chapter 72, p. 598), under which Jefferson county is now governed by commissioners, is as follows:

"The fiscal court of each county in this Commonwealth in which there is located a city of the first class shall have such clerk or clerks as may be necessary, and it shall be the duty of such clerk or clerks, to attend its session and to keep a full and complete record of all proceedings of the court, together with a proper index and to perform such other duties as may be assigned to them by the court. The clerk of the county court shall, by virtue of his office, be clerk of the fiscal court and shall supply to said fiscal court such assistant clerks as they may require. For his services the fiscal court shall annually make him a reasonable allowance to be paid out of the county levy." In section 9 of the same act, it is provided:

"All payments of the fiscal court in such counties shall be by warrant on the county treasurer signed by the presiding officer of the court and countersigned by the clerk of the court."

As clerk of the fiscal court, the county clerk receives $1,500.00 per annum, which sum is paid to his deputy who acts as clerk of the fiscal court.

It will be observed that section 1835, *supra,* provides that the clerk of the county court shall by virtue of his office be clerk of the fiscal court, and that for his services as clerk of the fiscal court, the fiscal court shall annually

make him a reasonable allowance to be paid out of the county levy. On the other hand section 1720, *supra,* provides that the clerks of the Court of Appeals, clerks of the circuit courts and clerks of the county courts, so far as the same will apply, shall be allowed a fee of thirty cents to be paid by the claimant for each order and certificate allowing any claim against the county or state treasurer when the claim exceeds $5.00. It is therefore argued that as both acts were passed by the same legislature, it was clearly contemplated that the clerk of the county court when acting as clerk of the fiscal court, should receive not only the reasonable allowance for his services provided by section 1835, but also the fees prescribed by section 1720. The point is also made that it was never intended to change this double method of compensation by the enactment of section 3, *supra,* of the act of March 24, 1916, because that section was simply a re-enactment of section 1835. This argument, however, assumes that section 1720 applies to clerks of the county courts when acting as clerks of the fiscal courts. Viewing sections 1835 and 1720 in the light of the fact that the former provides for a reasonable allowance to the clerk of the fiscal court to be paid out of the county levy and is the only provision applying specifically to clerks of fiscal courts, while the latter section provides for the payment of the fee of thirty cents only to clerks of the county courts so far as the same will apply, and contains no language showing its application to clerks of the fiscal courts, it is clear, we think, that the method of compensation provided by section 1835 was intended to be exclusive and was not affected by the subsequent enactment of section 1720. This view is further confirmed by the fact that when the question of compensating the clerk of the fiscal court was before the legislature in 1916, it again provided by section 3, *supra,* of the act March 24, 1916, that for his services the fiscal court should annually make him a reasonable allowance to be paid out of the county levy. In other words, there is only one statute which prescribes in terms the method of compensating the clerk of the fiscal court and we are not prepared to hold that this compensation is in addition to that provided by another statute which does not purport to apply to clerks of the fiscal courts.

Judgment affirmed.