## State Board of Election Commissioners et al. v. Jefferson County et al.

(Decided June 21, 1935.)

BAILEY P. WOOTTON, Attorney General, W. R. ATTKISSON, Assistant Attorney General, and JOHN E. SHEPARD for appellants.

LAWRENCE S. GRAUMAN and STUART E. LAMPE for appellees.

OPINION PER CURIAM.

The state election commission, acting under section 1483, Kentucky Statutes, 1933 Supplement, adopted a uniform metal ballot box, and contracted with the Moeschl-Edwards Corrugating Company to furnish 1,-300 ballot boxes. On March 20, 1935, the clerk of the Jefferson county court requested the fiscal court of that county to furnish 500 additional boxes of the same kind.

After advertising for bids, the fiscal court awarded the contract to the Logan Company, the lowest and best bidder.

In this action to obtain a declaration of rights, the court adjudged that the original contract with the Moeschl-Edwards Corrugating Company was at an end; that the Jefferson county fiscal court had the right to contract for the additional ballot boxes and that the contract with the Logan Company was valid. The board of election commissioners and the Moeschl-Edwards Corrugating Company appeal.

The conclusions of the court are:

1. The contract with the Moeschl-Edwards Corrugating Company was for a limited period and has expired.

2. The only body authorized to adopt and contract for ballot boxes is the state election commission. Section 1483a, Kentucky Statutes, 1933 Supplement.

3. The fiscal court not having the power to contract, the contract with the Logan Company is invalid.

On the appeal of the Moeschl-Edwards Corrugating Company the judgment is affirmed, on the appeal of the state board of election commissioners the judgment is reversed and cause remanded with directions to enter judgment declaring the rights of the parties in conformity with this opinion.

Whole court sitting.