# Goodlett v. Anderson County et al.

(Decided Nov. 27, 1936.)

JESSE MORGAN and O. J. BOWEN for appellant.

W. E. DOWLING, STANLEY TRENT and J. W. GAINES for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing in part and affirming in part.

Martha M. Goodlett appeals from a judgment for $1219.20 recovered against her by Anderson County, and it is by cross-appeal asking for $120 additional it had asserted against her for which the trial court refused it a recovery.

On December 21, 1932, Robert Goodlett, then treasurer of and clerk of the county court of Anderson County, died and on December 31, 1932, his widow, the appellant, was appointed clerk and treasurer and served as such until January 1, 1934.

She rendered many services for and to Anderson County for which she presented itemized claims to the Anderson fiscal court which allowed and paid her as follows:

| | | |
|---|---|---|
| April 5, 1933 | $ 670.70 | for 22 items. |
| Oct. 3, 1933 | 1554.74 | for 25 items. |
| April 4, 1934 | 436.00 | for 15 items. |
| Total of | $2661.44 | for 62 items. |

In the early part of 1934, the county had an audit made of its affairs, going back for several years. This auditor reported that the fiscal court had allowed and paid to Mrs. Goodlett many improper claims.

On February 16, 1935, the fiscal court by order di-

rected the county attorney to institute suit to recover these alleged improper claims and on February 18, 1935, this suit was begun in equity to recover of Mrs. Goodlett $1,339.20 paid her upon 29 claims that are alleged to have been improperly paid.

For convenience we have grouped these claims, and as so grouped they are:

| | |
|---|---:|
| 11 certificates of franchise assessments | $ 49.50 |
| Preparing 94 ballot boxes | 470.00 |
| Delivering 94 ballot boxes | 30.00 |
| County court orders | 121.25 |
| Overcharge on salary as clerk | 75.00 |
| Overcharge on salary as treasurer | 75.00 |
| Certifying tax rate | 1.50 |
| Two certificates to auditor at $1.00 each | 2.00 |
| Overcharge on supervisors' notices | 15.55 |
| Right of Way warrants | 16.00 |
| Additional changes on tax books | 483.40 |
| | $1339.20 |

We shall now take up and consider these groups.

### The Certificate Claims.

There are 11 of these, they are for $4.50 each and aggregate $49.50. The evidence shows that the clerk makes three copies of each franchise assessment report made to the county clerk by the auditor. One copy is given to the sheriff. One copy is given to the city tax collector. One copy is given to the superintendent of county schools.

Mrs. Goodlett charged and the fiscal court paid her $1.50 for each certificate or a total of $4.50 on each franchise assessment reported to her. The provision for the assessment of such franchises is found in section 4077 et seq. Ky. Stats. The duty of the auditor to certify such assessment to the county clerk and the duty of the county clerk to certify it to the proper collecting officer of the county, city, town, or taxing district is set out in section 4084, Ky. Stats. While the statute imposed this duty on county clerks, no provision is made to pay for it. ''In the absence of an express provision of law to that effect, the county is not required or permitted to pay for the services of its officers. * * * In-

deed, officers are forbidden to demand or to receive fees for services rendered when the law has not fixed a compensation therefor.'' Harlan County v. Blair, 243 Ky. 777, 49 S. W. (2d) 1028, 1029, Ky. Stats. sec. 1749. The court properly gave judgment against Mrs. Goodlett for this, and that is affirmed.

## Preparing Ballot Boxes.

The clerk was paid $5 per box for preparing 94 ballot boxes. This was an invalid claim.

Section 1468, Ky. Stats. formerly made it the duty of the county clerk to provide for each precinct a ballot box, and this section declares this shall be at the expense of the county and shall be paid by the fiscal court, but the statute further provides the county clerk shall do this upon order of the county court and from a reading of the statute it will be seen this refers to new boxes. No county court order was shown to have been made and all that was done was to empty the old ballot boxes and get them out for delivery to the various clerks of the election. The furnishing of new boxes must now be done by the election commissioners. See section 1483a, Ky. Stats., and State Board, etc., v. Jefferson County, 260 Ky. 274, 84 S. W. (2d) 23. This was not a service for which the clerk is entitled to be paid. Taylor v. Jones, 253 Ky. 285, 69 S. W. (2d) 372. Harlan County v. Blair, 243 Ky. 777, 49 S. W. (2d) 1028. The judgment against Mrs. Goodlett for this is affirmed.

## Delivering Ballot Boxes.

Mrs. Goodlett claimed $30 for delivering 94 ballot boxes for three elections. The court allowed this to Mrs. Goodlett, and the county complains of that on cross-appeal. This was properly allowed. It was a part of the cost of holding these elections. Section 1540, Ky. Stats. Officers can be compelled to render services without reward, but it costs money to drive about over a county and deliver ballot boxes, and when an officer is required to expend money he should be repaid. See Taylor v Jones, 253 Ky. 285, 69 S. W. (2d) 372; 46 C. J. p. 1018, sec. 246, note 74. The action of the court in allowing Mrs. Goodlett pay for this is affirmed.

## County Court Orders.

Appellant was paid 25 cents each for 345 county court orders and 10 cents each for indexing them or a

total of $121.25, she having made an error in her favor of 50 cents. This claim was improper. See Taylor v. Jones, 253 Ky. 285, 69 S. W. (2d) 372; Elliott v. Com., 144 Ky. 335, 138 S. W. 300: Wortham v. Grayson County Court, 13 Bush, 53. The court's action in requiring Mrs. Goodlett to repay it is affirmed.

Section 1720, Ky. Stats. sets out the various fees the county clerk may charge, and out of that multitude there are but four payable out of the county levy and there is nothing to show these charges fall in any of these four classes.

### Salary as Clerk.

The parties seem to be agreed appellant was entitled to $25 per month salary as clerk. She made a claim for this salary as clerk of the fiscal court.

By section 331e-2, Ky. Stats., it is the duty of the fiscal court to make to the clerk of the county court an annual and reasonable allowance for his services as clerk of the juvenile court.

By section 1072, Ky. Stats. it is made the duty of the fiscal court to provide for the payment of a reasonable monthly salary to the county clerk for his services as clerk of the fiscal court. This provision was added to section 1072 in 1932, by chapter 131, acts of that year, and superseded the practice of allowing fees under section 1835, that had been approved in Elliott v. Com., 144 Ky. 335, 138 S. W. 300.

There is no provision requiring a salary to be paid by Anderson County to the clerk as clerk of the county court. The evidence on this score is very unsatisfactory. Mrs. Goodlett, however, received as clerk of the fiscal court, $375, and the court in its judgment required her to repay $75. It appears the court's action was correct. There is nothing to show it is wrong, hence it is affirmed.

### Salary as County Treasurer.

Mrs. Goodlett was paid $337.50 for services as county treasurer. They seem to be agreed the proper salary of the treasurer is $25 per month, but there is no proof to that effect. They have to pay a salary to the treasurer. Section 934, Ky. Stats. The court required

her to repay $75. That was erroneous to the extent of $37.50, and the judgment is reversed, with direction to enter a judgment against Mrs. Goodlett for $37.50 only for this item.

### Certification of Tax Rate.

Mrs. Goodlett charged and was allowed $1.50 for what she termed "certifying to the collector of the city school taxes." Section 3587a-19, Ky. Stats. Supp. 1933, then in force made it Mrs. Goodlett's duty to do this, but made no provision to pay her for it out of the county levy. She was properly required to repay this $1.50 by the trial court.

### Certificates to Auditor.

By section 4126, Ky. Stats., it is the duty of the clerk to certify to the auditor the approval of the tax books by the Board of Supervisors as required by section 4125. Mrs. Goodlett did this and was required to do so twice for reasons stated later.

She was paid $2 for this and was properly required by the court to repay it.

### Overcharge on 311 Supervisor's Notices.

Mrs. Goodlett was paid 20 cents each for these, and the fee fixed by section 4121-2, Ky. Stats. is 15 cents [10 cents for notice and 5 cents for return.] The court properly made her repay this $15.55 which represents the difference between the charge for these notices at 15 cents each and the 20 cents each which she was paid.

### Right of Way Warrants.

The fiscal courts made allowances to 64 farmers for rights of way. Mrs. Goodlett charged and was allowed 25 cents each for issuing warrants to them. The court properly made her repay this $16. This was a service she was required to render as clerk of the fiscal court. See Nuetzel v. Barr, 180 Ky. 196, 202 S. W. 499. She issued these warrants as clerk of the fiscal court, and as such clerk her entire compensation is her salary. There is now no statutory provision for fees to be charged by a clerk of fiscal court. See Nuetzel Case supra.

### Additional Changes $483.40.

There is great confusion about this claim. Mrs. Goodlett put in and was paid by the fiscal court two

claims in connection with the changes on the tax books in the early part of the year 1933. The claims as presented by, and paid to, her are: April 15th, 2,417 additional changes at 20 cents, $483.40; May 17th, 2,483 raises [10 per cent.] tax books at 10 cents, $248.30.

Thus she received from the fiscal court for making changes in the tax books growing out of this equalization $731.70, but she was only sued for $483.40.

Her son was her chief deputy, and when he was testifying he was asked to explain these 2,417 changes, and he gave this explanation:

"That came as a result of the meeting of the Board of Equalization. They met sometime in February of that year, and they decided that they would try to lower the real estate in Anderson County, especially the farm land and they agreed on 20% as the reduction, and they would go over the lists of assessments and anyone who had not already lowered their's they would lower 20%; of course there were certain cases where they believed it was low enough. They met about 17 days, and practically every line of the assessment book except personal was changed, and was so noted by me on a book kept for that purpose and I acted as clerk, I kept a record of the proceedings of the Board, then after they adjourned I had to make the change on the assessment books. I had to take every name, change the real estate and turn over 18 or 20 pages, had to follow that line clear through, change in some cases the automobile and personal, the total real estate, the grand total, and on over into the amount to be levied for state and county purposes and school purposes, all that had to be changed."

He testified he then made up a new recapitulation sheet and sent it to the State Tax Commission. That body refused to accept it. The county judge was notified as required by section 4114i-16, Ky. Stats., and a committee was sent to Frankfort and met with the State Tax Commission. Finally a flat raise of 10 per cent. was agreed upon and directed to be made.

Then Mrs. Goodlett had to go over these books again, put on this 10 per cent. raise, balance the books

again and make a new recapitulation sheet, certify it and send it in. This we suppose is what she charged and was paid in the item: May 17th, 2,843 raises [10 per cent.] tax books at 10 cents each, $284.30. She has not been sued for this $284.30 however.

The statutes, sections 4121 and 4121-2 make the county clerk, clerk of the Board of Tax Supervisors, and give him the same compensation as a member of the board. Section 4127 fixes compensation of members of the board at $3 per day. Anderson County has one city in it of the fourth class [Lawrenceburg], hence this board could remain in session 25 days. Section 4121 and section 4121-1, Ky. Stats. The county clerk may be allowed 5 days after the adjournment of the board to correct the tax books. Adding 25 and 5 days and allowing her $3 per day, the trial court fixed her allowance for this work at $90 and allowed her that and required her to repay $393.40. Since we have evidence the board was only in session 17 days, then that time and 5 days for completing the work [allowed by section 4121-2, Ky. Stats.] or a total of 22 days at $3 per day, or a total of $66 is all for which the clerk can be paid. One half of this is payable out of the county levy and the other half is payable out of the state treasury. Sections 4127 and 4239e, Ky. Stats. Thus in this case only $33 of this $483.40 was legally payable out of the county levy and Mrs. Goodlett must repay the remaining $450.40.

## Summing Up.

Thus Mrs. Goodlett must repay [$49.50, $470, $121.-25, $75, $37.50, $1.50, $2, $15.55, $16, and $450.40] a total of $1,238.70 which with the $100.50 denied to the county makes up the $1,339.20 for which she was sued.

## The Attack on the Court's Jurisdiction.

This is taken from the reference in her brief to the third paragraph of her answer, "the defendant, Martha M. Goodlett, sets forth by allegations, the allowance of each and all of said claims and the dates of their allowance and that each and all of said claims were duly filed, taken up and considered by the fiscal court of Anderson County and approved by both the county attorney and the county judge and duly allowed and duly paid as of the dates shown in the petition and that therefore, the Anderson Circuit Court did not have

original jurisdiction of the subject matter set forth in the petition of the plaintiff. The only jurisdiction it did or could have was appellate jurisdiction. * * * The action, as the appellant understands it, is purely an action to recover for money had and received and therefore stands entirely upon a different footing from an action to purge settlement of accounts of officials.''

If any of these items were for things that were legitimate charges against this county and the fiscal court were vested with a discretion as to what it would pay therefor this position would be sound, but when no provision is made by law to pay an officer for his service, then that officer must perform that service without charge as one of the duties of his office, and if the fiscal court makes to the officer an allowance anyway, its action is void. We have often so held, and we have also held the legislative department can add new duties without providing compensation therefor. This question was considered at length in Lewis v. James, 191 Ky. 769, 231 S. W. 526.

If a fee is fixed by statute for an official service, that fee and that alone may be allowed. If no fee is fixed and the officer is paid one, or if a fee is fixed and the officer is paid a larger one, it can be recovered in an independent action as was done in this case. See Taylor v. Jones, 253 Ky. 285, 69 S. W. (2d) 372, 375.

We are unable to state the matter any more clearly or forcibly than we did in Taylor v. Jones, where we quoted this from a former opinion:

"By section 1840, Ky. Stats., the power of the fiscal court is rather restricted. If it has allowed a claim and it is valid, that is final, but if it is invalid, its action is absolutely void, and of no more binding effect on the county than if the claim had been approved by a majority vote of the primary class in some of the county schools. See Pulaski County v. Richardson, 225 Ky. 556, 9 S. W. (2d) 523.''

That is not simply an arbitrary rule adopted in this state, but is the rule adopted and followed in other states. See 46 C. J. 1017, sec. 244, and Id. p. 1030, sec. 285.

The jurisdiction of the circuit court of this case is

in no sense appellate. This is an original action to recover money wrongfully received. The basis of the action is that the act of the fiscal court in making these allowances is utterly void, and hence can be attacked anywhere and at any time. It is not even necessary to make in the fiscal court a motion to set its void action aside. There is no provision applicable to void fiscal court orders comparable to the provision of section 763 of the Civil Code of Practice as to void circuit court judgments.

Mrs. Goodlett cites the cases of Ray v. Woodruff, 168 Ky. 563, 182 S. W. 662, 665, and Owen County v. Walker, 141 Ky. 516, 133 S. W. 236. We have examined those opinions and are unable to see how she finds any comfort in them.

She cites the case of Elliott v. Com., 144 Ky. 335, 138 S. W. 300, 302, in which this appears:

"It is patent, therefore, that though the circuit court might on appeal have determined whether the several allowances, aggregating $185, made Elliott by the fiscal court for services rendered it as clerk, were reasonable, it was without jurisdiction to do so in this, an original action."

That is perfectly sound. The fiscal court then had under section 1835 of the Ky. Stats. a discretion what it would allow Elliott as its clerk. It exercised that discretion and allowed him $185. If that were erroneous, the remedy was by appeal, but the allowances made Mrs. Goodlett were made without any statutory authority therefor, hence they were utterly void. Mrs. Goodlett now receives a salary as clerk of the fiscal court. See section 1072, Ky. Stats. That salary is fixed in advance and not after the service is rendered, as was done under section 1835 in Elliott's Case. A person dealing with a fiscal court must take notice of its limitations. Farmer v. Marr, 238 Ky. 417, 38 S. W. (2d) 209.

When a claimant has a claim against a fiscal court, he must itemize it, and then point out the statutory provisions for its payment. He must be able to say, "Here's the service, here's the statute, now pay me." Mrs. Goodlett is not able to do that, hence her embarrassment.

Judgment reversed in part and affirmed in part upon both original and cross-appeal, and the court will enter a judgment consistent herewith.