## Perry County v. McIntosh, Sheriff.

Oct. 31, 1939.

D. B. Wooton for appellant.

Paul Gross for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The fiscal court of Perry county allowed a claim in favor of Filmore McIntosh, sheriff, for the sum of $1,281.50. The county attorney, on behalf of the county, appealed to the circuit court as he is authorized to do when the fiscal court allows a claim not legally presented

or unjust. Section 126, Kentucky Statutes; Johnson County v. High Test Oil & Gas Company, 267 Ky. 760, 103 S. W. (2d) 272. The county questioned the validity of certain items, amounting to $485, included in the claim presented by the sheriff to the fiscal court and allowed by it. One of these claims was listed as follows: "Waiting on quarterly court at $2.00 from April 5 to November 18th, $396.00." The circuit court disallowed as illegal items amounting to $89, but adjudged that the $396 item was legal and that the sheriff was entitled to that amount. The county has prayed an appeal.

The pleading filed in the circuit court by the county attorney on behalf of the county was styled "Petition on appeal," and in it were set out the various items in the claim allowed by the fiscal court alleged to be illegal. The answer filed by the sheriff was in two paragraphs. The first paragraph was a traverse, and in the second paragraph he alleged that the $396 item for waiting on the quarterly court was correct as to the amount but incorrect as to the court; that the sum of $396 was due him for waiting on the county court and not the quarterly court; and that the county court was in continuous session from April 5, 1937, to November 18, 1937. In a reply the county denied that the county court was in continuous session during the period mentioned in the answer, and it also denied that McIntosh, then sheriff of Perry county, waited on or attended the county court of Perry county at any time during that period. It alleged that the regular county court date for Perry county is the second Monday in each month, and that from April 5 to November 18, there were only eight regular county court days, but that the sheriff did not present a claim to the county judge nor to the fiscal court for services for waiting on or attending county court. No response to the reply was filed. With the pleadings in this shape and without proof, the court adjudged that the $396 item was legal and that the sheriff was entitled to that amount.

The statute relating to sheriffs' fees reads in part: "Sheriffs shall be allowed to charge and collect the following fees: * * * For services rendered in cases in the quarterly courts, sheriffs shall be allowed the same fees given to constables in all cases where the amount claimed is fifty dollars ($50.00) or under. * * * For attending by himself or deputy the regular terms of the county courts a rea-

sonable allowance, not exceeding two dollars ($2.00) per day, to be allowed by the county judge and paid out of the county levy.'' Section 1726, Kentucky Statutes.

Counsel for appellee argues that the quarterly court is a county court, and that it was the intention of the Legislature to allow the sheriff not exceeding $2 per day for attending the quarterly court and therefore the claim presented to the fiscal court is proper. This question was decided adversely to appellee's contention in Graves County v. Wallace, 144 Ky. 194, 138 S. W. 306, 308, where it was claimed that the sheriff of a county is entitled to $2 per day for attending by himself, or his deputy, the sessions of the quarterly court. In the course of the opinion it was said:

''The quarterly court, though presided over by the county judge, is a separate and independent court, created and established by the Constitution. It is no more a county court than the fiscal court or a justice's court, each of which has jurisdiction coextensive with the limits of the county. To hold that the quarterly court is a county court, and that the Legislature intended, by providing that the sheriff should receive fees for attending the regular terms of the county court, that he should also be paid for attendance on quarterly courts, would be to disregard the provisions of the present Constitution and statutes, and to give no effect to the action of the Legislature in omitting from Section 1726 of the Kentucky Statutes all reference to attendance on circuit and quarterly courts and courts of claims. The Legislature must have meant something by providing in a separate section for fees for attendance on the circuit courts and by omitting from the present law all reference to attendance on the quarterly courts.''

It follows that the allowance of $396 to the sheriff by the fiscal court for attending sessions of the quarterly court was illegal. If the allowance was for attending the county court, no such claim was before the fiscal court.

It will be noted that the claim covers every day from April 5, to November 18, excluding Sundays. It is improbable that a regular session of the county court was held every day during this period, and even though

the sheriff had presented a claim for attending the county court, the fiscal court should not have ordered it paid until it had been allowed or approved by the county judge. Section 1058 of the Statutes provides that there shall be a regular term of the county court held by the county judge once every month. This section also provides that the court may adjourn from time to time until the business is disposed of. In Richie v. Peiper's Ex'x, 99 Ky. 194, 35 S. W. 279, 18 Ky. Law Rep. 87, it was held that the county court may be kept open for the transaction of any business before it by adjourning from day to day during the term. In many counties the county judge follows the custom of keeping the order book open for the entry of orders throughout the month by entering a daily order of adjournment. It was not the intention of the Legislature, in enacting Section 1726, to allow the sheriff $2 for attending sessions of the county court when only routine orders are entered on the order book. It is only when a regular session of the court presided over by the county judge for the transaction of business is held that the allowance should be made. It follows from what has been said that the circuit court erred in adjudging valid the $396 claim of appellee.

The motion for an appeal is sustained, the appeal granted, and the judgment is reversed.