## Estill County v. Noland, County Judge.

Dec. 14, 1945.

John W. Walker for appellant.

Shumate & Shumate and J. M. Wolfinbarger for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—
Reversing.

At the general election held in November, 1941,
W. M. Noland was elected County Judge of Estill Coun-
ty for the four year term beginning on the first Monday

in January, 1942. The County Judge's salary for the term had been fixed by the Fiscal Court at a meeting held in April, 1941. At a meeting of the Estill Fiscal Court on August 6, 1943, the following motion was adopted by the five magistrates present and voting:

"Moved by John McIntosh and seconded by John Shepherd that Judge W. M. Noland be allowed $25.00 each month for traveling expenses to be paid from the miscellaneous fund.

"Vote being taken and Magistrates voted as follows: John McIntosh, yes; Charlie Harkleroad, yes; John Shepherd, yes; Henry Richardson, yes; Joe Miller, yes."

On January 2, 1945, an order was entered on the Fiscal Court order book which recited that no one had been employed to oversee the road work of the county, and no county engineer had been employed to oversee the building and maintenance of the county roads. The order concluded:

" * * * it is ordered that Estill County on and after this date, adopt the free turnpike system of operation in maintaining its public roads, and it is also ordered that W. M. Noland, County Judge of Estill County, be and he is hereby appointed to oversee the construction and maintenance of said roads, and for said services, he shall receive the sum of twenty-five ($25.00) per month, to apply on the payment of traveling expenses etc. in performing his duties as such overseer.

"This order confirms and ratifies the order previously entered by this county on the 6 day of Aug., 1943, allowing the county judge $25.00 per month for traveling expenses, which was meant for the same purpose as stated in this order, and all payments made to him heretofore under said order are hereby ratified and confirmed.

"The vote being taken members of the court voting yes: John P. Brinegar, yes, Charley Harkleroad, yes, W. M. Noland, yes, John Shepherd, yes, order carried."

On May 23, 1945, John W. Walker, County Attorney, of Estill county, suing for, on behalf of, and in the name of the county, brought an action against W. M. Noland to recover $675, which he alleged had been wrongfully paid to the defendant out of the county treasury in

monthly payments of $25, beginning with the month of March, 1943. He alleged that the order of the Fiscal Court of August 6, 1943, was unauthorized and void, and, further, that the alleged item for traveling expenses was not included in any budget for the county which had been approved by the budget commission of the county and the state local finance officer, and no provision had been made in any budget for the payment of traveling expenses of the defendant. It was alleged in the petition that the Estill Fiscal Court is composed of six Justices of the Peace and the County Judge, and that at the meeting held on January 2, 1945, only three Justices of the Peace were present; that the defendant had no right or authority to vote on any order or resolution affecting his own rights or compensation and with him eliminated there was no quorum present, but notwithstanding this he voted in favor of the resolution appointing him road overseer and allowing him $25 a month for traveling expenses. An amended petition was filed in which the plaintiff sought to recover the additional sum of $100 paid to the defendant in June, July, August, and September, 1945. On August 2, 1945, a second amended petition was filed which contained the following:

"Plaintiff states that the Estill fiscal court is composed of the six above named justices of the peace and county judge, W. M. Noland, and that there are no other members of said court. That all the members of the court have voted for or approved one or both of said illegal orders. That each month since the first of said orders was made all of said members of said court have signed the order book, at each monthly meeting of the court, approving the monthly allowance of said sum of $25.00 per month to defendant, with the exception of one member who has been absent for a few months on account of illness.

"Plaintiff states that in view of the aforesaid acts and conduct of the members of the fiscal court, all of whom still constitute the Estill Fiscal Court, it would be futile to make a demand or request that the said fiscal court direct or order an action to recover the moneys and amounts set out in the petition as amended."

The defendant filed a special demurrer and a general demurrer. The special demurrer was overruled,

but the general demurrer was sustained, and after the plaintiff declined to plead further his petition was dismissed. The appellee insists that the special demurrer should have been sustained, since the County Attorney did not at any time make demand upon the Fiscal Court to institute an action to recover the money, and, therefore, is without legal capacity to maintain the action. The averments of the petition show a state of facts which dispenses with this usual prerequisite to the right of anyone other than the Fiscal Court to maintain such an action. We have held in a long line of decisions that a suit to recover money illegally paid out of a county treasury may be maintained by a citizen and taxpayer, without first making demand upon the fiscal court, where it is apparent that it would be futile to make demand. Ward v. Roberts, 281 Ky. 418, 136 S. W. 2d 549; Taylor v. Todd, 241 Ky. 605, 44 S. W. 2d 606; Shipp v. Rodes, 196 Ky. 523, 245 S. W. 157. Here, the Fiscal Court adopted an order on August 6, 1943, authorizing the payment of $25 a month to the County Judge as traveling expenses, and approved these monthly payments until January 2, 1945, when some of the members of the Court attempted to validate the original order by appointing the County Judge overseer of the county roads. The petition states facts sufficient to show that a demand upon the Fiscal Court to authorize a suit to recover the money would have been futile. Aside from this, a county attorney under such circumstances is clothed with more authority and is under a greater duty to protect the interests of the county than is a citizen and taxpayer. He is the legal representative of the county, and KRS 69.210, formerly KS 126, makes it his duty to give legal advice to the Fiscal Court and to oppose all unjust or illegally presented claims. It has been held that he has authority, independent of the Fiscal Court, to prosecute an appeal from an order allowing a claim against the county. Perry County v. McIntosh, 280 Ky. 223, 133 S. W. 2d 90; Johnson County v. High Test Oil & Gas Co., 267 Ky. 760, 103 S. W. 2d 272; Jordon v. Baker, 252 Ky. 40, 66 S. W. 2d 84, 93 A. L. R. 813. We know of no reason why he should not likewise have authority, especially where the order allowing a claim is void, to institute an action for and on behalf of the county to recover money paid under the order out of the county treasury. Bell Fiscal Court v.

Helton, 258 Ky., 219, 79 S. W. 2d 683. The ruling of the circuit court on the special demurrer was correct.

Prior to the election in November, 1941, the Fiscal Court had fixed the salary of the County Judge for the four year term beginning on the first Monday in January, 1942, and under sections 161 and 235 of our Constitution that salary could not be changed during the term. Hopson v. Department of Revenue, 298 Ky. 635, 183 S. W. 2d 812; Wyatt v. City of Danville, 276 Ky. 629, 124 S. W. 2d 1022; Clark v. Logan County, 138 Ky. 676, 128 S. W. 1079. The order of August 6, 1943, merely allowed to the County Judge $25 a month "for traveling expenses," and amounted to no more than an effort to increase his salary. There is no legal or statutory authority for such a blanket allowance, and the order accordingly is void. Goodlett v. Anderson County, 267 Ky. 166, 101 S. W. 2d 421; Breathitt County v. Hagins, 211 Ky. 391, 277 S. W. 469.

The claim that the order of January 2, 1945, validated the order of August 6, 1943, needs little comment. Even if the Fiscal Court had authority to appoint the County Judge "road overseer"—and we do not reach that question—its attempt in that respect on January 2, 1945, was ineffective since the County Judge had no authority to vote where his own rights were involved, and with him eliminated there was no quorum present. Appellee argues that the inhibition against a member of the Fiscal Court voting on a matter in which he is financially interested or entering into a contract with the court to perform work for compensation has been abolished as to work on committees of the Fiscal Court by section 1845 of the Kentucky Statutes, now KRS 67.110, but that statute applies only to the justices of the peace or county commissioners in counties having the commission form of government and not to the county judge.

The petition stated facts sufficient to constitute a cause of action, and the judgment is reversed, with directions to overrule the general demurrer.