## Noland v. Estill County.

May 13, 1947.

Rehearing denied June 10, 1947.

E. B. Beatty, Judge.

J. M. Wolfinbarger and Shumate and Shumate for appellant.

L. H. Stevens for appellee.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

This is the second appeal of this case. The first opinion is reported as Estill County v. Noland, 301 Ky. 204, 191 S. W. 2d 223, 225.

The former appeal was from a judgment sustaining a general demurrer to a petition filed on behalf of Estill County, seeking to recover $675 from appellant, alleged to have been wrongfully paid him in monthly payments of $25, beginning in March 1943. These payments were made pursuant to two orders of the fiscal court of that county, one entered on August 6, 1943, authorizing appellant to be paid $25 each month for traveling expenses, and the other entered on January 2, 1945, which appointed appellant as overseer of the construction and maintenance of the public roads in Estill County, and

directing as payment for these services the sum of $25 per month "to apply on the payment of traveling expenses, etc., in performing his duties as such overseer." We reversed that judgment, holding that since the fiscal court had fixed the salary of the county judge for the four year term beginning on the first Monday in January 1944, sections 161 and 235 of our Constitution prohibited a change in the salary during the term. As to the order of August 6, 1943, we concluded that it "merely allowed to the County Judge $25 a month 'for traveling expenses' and amounted to no more than an effort to increase his salary."

Upon return of the case to the circuit court the appellant filed his answer and counterclaim, alleging that, pursuant to the orders of the fiscal court referred to, he did oversee the maintenance of the public roads in the county, and incurred expenses in so doing in excess of the twenty-five dollars per month allowed him by the fiscal court. He further alleged that on December 31, 1945, he presented his expense account to the court and that this account was approved by a resolution of the fiscal court on the same date. A copy of the resolution is filed as an exhibit to his counterclaim. The trial court sustained a demurrer to the answer and counterclaim, and when appellant declined to plead further, entered a judgment in favor of the county, from which this appeal was taken.

Appellant contends that the county is estopped to maintain the action to recover the expense money paid to him, citing Flowers v. Logan County, 138 Ky. 59, 127 S. W. 512, 137 Am. St. Rep. 347, and Clark v. Logan County, 138 Ky. 676, 128 S. W. 1079. These cases hold that where the fiscal court of a county and the taxpayers have, over a period of time, permitted public money to be expended for legal purposes, but in an illegal manner, the county is estopped to recover the money from the officer making the expenditures provided the expenditures were made in good faith and the county received value therefor.

Appellant also claims that these expenses were incurred in the performance of duties not imposed on him by his office, relying on Taylor, for Use and Benefit of Laurel County, v. Jones, 253 Ky. 285, 69 S. W. 2d

372. That case allowed a county court clerk to recover his expenses incurred in delivering ballot boxes to voting precincts. A distinction may be made between that and this case because the statutes expressly require that the county court clerk deliver the ballot boxes, and there is no statute expressly requiring the county judge to oversee the county roads. Furthermore, the county clerk's compensation is from fees fixed by statute for his various duties, whereas the county judge is provided a salary for all his official duties. Reference is also made to Goodlett v. Anderson County, 267 Ky. 166, 101 S. W. 2d 421. In that case it is said that officers can be compelled to render services without reward, but that when the statute requires an officer to deliver ballot boxes and no fee is fixed therefor, payment of his actual expenses is authorized. This principle can not apply to a county judge as the statutes require no duties of a county judge for which he is not allowed compensation. The compensation of a county judge is a salary fixed by the fiscal court, and this salary covers all duties required of him.

We can not agree with the contention that the services rendered by appellant in overseeing the county roads were extra duties not required of him. As a member of the fiscal court the county judge has some control and jurisdiction over the roads of the county, and we are of the opinion that the salary provided for the official duties of appellant included compensation for the services rendered in connection with the construction and maintenance of the county roads.

In our first opinion, 301 Ky. 204, 191 S. W. 2d 223, 225, we said:

"The order of August 6, 1943, merely allowed to the County Judge $25 a month 'for traveling expenses,' and amounted to no more than an effort to increase his salary. There is no legal or statutory authority for such a blanket allowance, and the order accordingly is void. Goodlett v. Anderson County, 267 Ky. 166, 101 S. W. 2d 421; Breathitt County v. Hagins, 211 Ky. 391,

We are not impressed with the itemized statement of expense filed by appellant with the fiscal court. It claims lump sum expenses for gas, oil, and hotel bills for trips to Louisville, Lexington, Frankfort, Cincinnati, 277 S. W. 469.''

and other cities outside Estill County. The record wholly fails to disclose the necessity for such trips, or why they were required in connection with the construction and maintenance of the county roads in that county.

As we indicated in the opinion on the former appeal, we are convinced that the attempted allowance of expense to the county judge is no more than a subterfuge, and an attempt to increase the compensation of appellant during his term of office, which is contrary to the provisions of our Constitution. Estill County v. Noland, 301 Ky. 204, 191 S. W. 2d 223.

The judgment entered below is correct and it is accordingly affirmed.