**W. W. BURCHETT et al., Appellants,**

v.

**Edward B. LESLIE et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 5, 1957.

Rehearing Denied April 18, 1958.

C. Kilmer Combs, J. Woodford Howard, Prestonsburg, for appellant.

Jesse K. Lewis, Lexington, for appellee.

CLAY, Commissioner.

This is an appeal from a joint and several judgment against a former county attorney and former members of the Floyd Fiscal Court in the amount of approximately $12,000. The suit was prosecuted by plaintiff appellee taxpayers for and on behalf of Floyd County. The basis of the claim was the alleged illegal payment of public funds made to the county attorney by the fiscal court and the retention by him, over a long period of years, of

fees and compensation in excess of the Constitutional limit. The principal controversy has raged over the right of plaintiffs to prosecute this action against the former county attorney, defendant Burchett. Other questions presented will be disposed of in due course.

The defendant members of the fiscal court took office in January 1950. Defendant Stumbo, the incoming county judge, had been a member of the fiscal court during the year 1949. The preceding fiscal court on April 5, 1949 fixed the salary of the county officials. On December 31, 1949 that fiscal court increased the salary of the newly elected county attorney, Burchett (Stumbo's salary was also increased). This salary increase was clearly and admittedly illegal. Section 161, Kentucky Constitution.

The new fiscal court, composed of the defendant members, for the years 1950, 1951 and 1952 paid defendant Burchett this illegal salary. During that time he was also retaining monies collected from fees and other sources substantially in excess of the constitutional limit. No specific demand was made on the fiscal court to proceed against Burchett, but on July 12, 1952, plaintiff taxpayers filed this suit against him and the defendant members of the fiscal court to recover excess compensation retained by him, allegedly in the amount of $23,000. The suit also prayed the court to enjoin the further payment of salary to Burchett until a full accounting was had.

The first question in the case is whether or not plaintiffs had a right to prosecute this suit on behalf of the county on the ground it would have been futile to call upon the fiscal court to take such action. See Estill County v. Noland, 301 Ky. 204, 191 S.W.2d 223.

The trial court by order of February 10, 1953, and upon careful reconsideration of the question prior to the entry of the final judgment, ruled that such a request would have been futile. This finding of fact should be sustained unless clearly erroneous. CR 52.01.

The evidence is convincing that the defendant members of the fiscal court, prior to the institution of this action, had ample information that Burchett was being paid and was retaining public funds contrary to law. The clearly illegal fiscal court order of December 31, 1949 was a record of that court. Other public records available to the members of the court showed on their face that Burchett was retaining public funds in excess of the Constitutional limit. The county judge, defendant Stumbo, was a party to and a beneficiary of the December 31st order.

In 1949 there had been published in a local newspaper copies of Department of Finance records showing excessive compensation which had been received by Burchett in past years, and at least two of the defendant members had actual notice of these reports. In March of 1952, the Commonwealth's attorney had published in the newspaper similar information. While some of the newspaper stories may have been politically inspired, they did contain serious charges which were generally known in the community, and even if groundless, would reasonably have called for some investigation by the fiscal court in the performance of its proper duties.

In the Spring of 1952 the Commonwealth's attorney had personally discussed this matter with the county treasurer and some members of the fiscal court, and had sought to induce action against Burchett.

In spite of the well-founded charges made against Burchett, which were common knowledge in the community for at least two years, in spite of the fact that the fiscal court's own records and other readily available public records showed that Burchett was receiving excessive compensation, and in spite of the notice given and the request for action by the Commonwealth's attorney, the defendant members did nothing at all prior to the filing of this suit in July 1952.

Defendant members contend that they have always acted in good faith. They point to the fact that *after this suit was filed* they had an audit made and they ordered the employment of an attorney to collect monies due Floyd County. As the trial court points out, that audit has never made its appearance in this record, nor has any attorney been employed pursuant to the fiscal court order. If the action of the fiscal court subsequent to the filing of this suit is to be considered, it is clear from the record that defendant members have actually joined forces with Burchett to obstruct the proceeding against him. As found by the lower court, the conduct of defendant members in this lawsuit confirms the finding that a specific request to proceed against Burchett would have been futile.

It is true that eventually the fiscal court did enter into a settlement agreement with Burchett, but this was obviously done because of the pressure exerted by this suit, and as will be discussed hereinafter, was but another attempt to avoid a full accounting by Burchett.

Defendants contend that the right of these taxpayers to sue has been denied in the controlling cases of Cooley v. Sturgill, Ky., 293 S.W.2d 634, and Cornett v. Saunders, Ky., 297 S.W.2d 768. The answer to such contention is that different facts and different county officials were involved in those suits. We are considering this case on this record.

■ It is apparent to us that the trial court properly applied the principles established in the cases of Fox v. Lantrip, 169 Ky. 759, 185 S.W. 136; Shipp v. Rodes, 196 Ky. 523, 245 S.W. 157; Taylor v. Todd, 241 Ky. 605, 44 S.W.2d 606; and Estill County v. Noland, 301 Ky. 204, 191 S.W.2d 223; and the record amply supports its finding that it would have been futile for the plaintiffs to make a demand on the fiscal court to proceed against Burchett.

■ Our next question is whether or not a $6,000 settlement of the claim against Burchett, made by him with the fiscal court on April 16, 1953, constituted a bar to further proceedings in this action. It appears that early in April 1953, in violation of KRS 64.710 and 67.080, and contrary to a prior ruling of the court in this proceeding, the fiscal court allowed Burchett substantial claims for lump sum expenses allegedly incurred by him in past years. After allowing such an off-set, the fiscal court on April 16, 1953 entered into the settlement agreement in question. Such action was taken in complete disregard of this pending suit, the sole object of which was to recover from Burchett all public funds due from him to Floyd County. Under the circumstances it was a very questionable method of proceeding, and violated the court's jurisdiction over the controversy.

Defendants contend that this compromise settlement was proper, and rely on Shipp v. Rodes, 219 Ky. 349, 293 S.W. 543 (a later appeal in the same case heretofore cited). Therein the majority of the court decided that even after such a suit as this had been brought, the fiscal court had the authority to enter into a compromise settlement with the principal defendant *provided the settlement was made in good faith*. A reexamination of the opinion raises serious doubt as to its soundness, and the dissent of Judge McCandless presents cogent reasons why such a settlement cannot be recognized, whether good faith exists or not. The trial court in the present case was of the same opinion. However, it is not necessary for us to re-decide that particular issue.

On the authority of the Shipp case, it is evident that this settlement was not made in good faith. In the first place, it was based upon the allowance of lump sum expenses to Burchett, which was illegal. In the second place, as the trial judge expressed it:

"It is very much in evidence that the attempted compromise settlement was made for the purpose of circum-

venting the trial of the issues in the cases then pending in this court and furthermore none of the parties in these cases had the right to have those issues adjudicated by another forum other than the one to which the cases had been assigned without the consent of the judge to whom they had been regularly and duly assigned to try."

Finally, the fiscal court members were joint defendants with Burchett and had aligned themselves with him in defense of this action. On its face, a compromise settlement of the plaintiffs' claim by co-defendants, without the knowledge or approval of the plaintiffs or the court, lacks any semblance of good faith.

Defendants further contend, however, that since the fiscal court order of settlement was appealed to the circuit court in a collateral proceeding, the dismissal of that appeal was res judicata of all issues in this action. There are two answers to such argument.

First, as has just been pointed out, the attempted settlement was in effect a fraud upon the court trying this action, and as such it could have no binding effect upon the pending controversy. Second, since the trial court in this action first acquired jurisdiction of the claim against Burchett, and since the validity and effect of the settlement was actually put in issue in this case by amended pleadings and other proceedings, it is clear that no other court could assume jurisdiction to adjudicate the question. The abortive appeal from the ineffective settlement did not constitute a bar to further proceedings in this suit to determine Burchett's liability.

We have carefully reviewed this entire record, and it shows a painstaking effort on the part of the trial judge to consider carefully and judicially every issue raised therein. We find no error in his preliminary rulings or his final judgment.

The judgment is affirmed.